**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Cephus BRADLEY, Defendant-Appellant.**

**No. 27913.**

United States Court of Appeals,
Fifth Circuit.

June 25, 1970.

---

Richard Wayne Grant, Marianna, Fla., (court-appointed) for defendant-appellant.

Clinton Ashmore, U. S. Atty., Stewart J. Carrouth, C. W. Eggart, Jr., Asst. U. S. Attys., Tallahassee, Fla., for plaintiff-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

GEWIN, Circuit Judge:

Cephus Bradley appeals from his conviction for violating Title 26 U.S.C. § 5205(a) (2) relating to the unlawful possession of distilled spirits. He argues that the evidence was insufficient to support the jury verdict and that the district court erred in admitting testimony concerning the fruits of

an unlawful search. We have carefully reviewed the brief record in this case and find sufficient evidence to support the verdict. However, we have serious doubts concerning the lawfulness of the search which produced some of the evidence. Because the record does not supply facts on which to resolve our quandary, we remand for additional findings by the district court.

The legality of the search of Bradley's premises is jeopardized because of the delay by the law enforcement officers in executing an otherwise proper search warrant. On January 19, 1968 officers of the Alcohol and Tobacco Tax Unit, with the assistance of the Florida State Beverage Department, obtained a warrant to search the premises of Cephus Bradley. Four days later, on January 23, 1968, two officers, armed with this warrant, secreted themselves near Bradley's residence about noon. After waiting patiently most of the afternoon, they observed a green chevrolet containing three men approach Bradley's dwelling. A short time later the officers saw Bradley and one of the car's occupants place three one-gallon jugs in the trunk of the chevrolet. The car, after departing Bradley's premises, was apprehended by officers who determined that the jugs contained moonshine. Before being apprised of this discovery, the officers, who had concealed themselves on Bradley's premises, executed the search warrant and found appellant in his kitchen placidly eating dinner, a jug of moonshine close at hand.

Bradley insists that the officers were improperly permitted to testify concerning the moonshine discovered in his home because the delay in executing the warrant made the search invalid. Rule 41(c) and (d) of the Federal Rules of Criminal Procedure establish the framework within which warrants must be executed. Rule 41(c) requires that the warrant "command the officer to search forthwith the person or place named for the property specified." This mandate must be read in conjunction with the following limitation in 41(d): "The warrant may be executed and returned only within 10 days after its date." We reject the simple, inflexible test, espoused by some courts to the effect that the 10 day limit in 41(d) defines "forthwith" in 41(c) in all circumstances.[1] Such a construction emasculates the imperative, "forthwith." As stated by Judge Bazelon, specially concurring in Mitchell v. United States:

> To read the ten-day provision * * * as allowing an unexplained ten-day delay of execution of a search warrant is to read out of the statute completely the flat requirement that service to be *forthwith* and all of the other foregoing indicia that Congress intended the speediest possible execution of search warrants. As I read the statute, ten days is the maximum allowable delay, even if circumstances make service impossible, but, if earlier service can be made, it must be made as soon as possible after the warrant has been issued.[2]

We hold the opinion that Rule 41(d) sets a maximum time within which a warrant must be executed and returned; and the "forthwith" requirement, depending on the facts and circumstances of each case, usually requires search and seizure in less than this ten-day period.[3] The word "forth-

---

1. Murby v. United States, 2 F.2d 56 (1st Cir. 1924); United States v. Doe, 19 F.R.D. 1 (E.D.Tenn.1956). *Compare* Mitchell v. United States, 103 U.S.App. D.C. 341, 258 F.2d 435 (1958) *with* House v. United States, 134 U.S.App. D.C. 10, 411 F.2d 725 (1969). Judge Danaher, a member of the panel in *Mitchell*, explains that decision in *House*, 134 U.S.App.D.C. 10, 411 F.2d at 728 n. 10.

2. 103 U.S.App.D.C. 341, 346, 258 F.2d 435, 440 (1958).

3. House v. United States, 134 U.S.App. D.C. 10, 411 F.2d 725 (1969); Spinelli v. United States, 382 F.2d 871, 885 (8th Cir. 1967), rev'd on other grounds 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Mitchell v. United States, 103 U.S.App.D.C. 341, 258 F.2d 435 (1958) (concurring opinion of Judge Bazelon).

with" is deliberately undefined, in our view, to allow courts to interpret it in the context of "reasonableness," on a case-by-case basis.[4] We are convinced that "forthwith" requires no more or less than reasonable promptness, diligence or dispatch in executing a warrant, considering the difficulties actually encountered in attempting to perform the task.[5] The command of "forthwith" clearly will not tolerate delay "when deliberate and made by the officers for the purpose of selecting their own time and for their own purpose",[6] especially where that purpose is to prejudice the rights of a suspect. On the other hand, a "lapse of up to ten days may be reasonable when the delay is caused by distance, traffic conditions, weather, inability to locate the person or premises to be searched, personal safety, etc."[7]

■ In order to discharge their duties effectively, officers must be given a certain latitude of action when performing the delicate, often difficult and occasionally dangerous mission of executing warrants but they are not given an unconditional ten-day period. Once a warrant has been issued, officers must proceed forthwith, promptly, using reasonable diligence to execute the warrant. In the final analysis we, as did the Eighth Circuit in *Spinelli*, are interpreting the command "forthwith" in the context of "reasonableness."

■ The above-mentioned considerations are not the only factors to be weighed in determining whether evidence obtained pursuant to a tainted search and seizure should be excluded. If there has been a failure to execute "forthwith", courts generally agree that evidence should be excluded only if the delay resulted in legal prejudice to the complaining party.[8] As stated by the court in *Spinelli:*

> To object to the failure of the police to "search forthwith" the complaining party must point to some definite legal prejudice attributable to this unjustified delay. The fact that the search uncovered prejudicial evidence does not invest standing unless the presence of the evidence is attributable to the delay. Unjustified attempt by the police to prejudice the suspect by delay in execution do not provide standing unless the police are successful in their efforts. Investigative technics of the police or hypothetical harms invest no standing to suppress evidence seized in an otherwise lawful search.[9]

■ On the present state of the record, we are unable to determine conclusively whether the delay of four days was justifiable, and if so, whether prejudice resulted from the delay. Apparently the trial judge was laboring under the misapprehension that execution within ten days met the "forthwith" mandate. Counsel for Bradley objected to the introduction of the evidence obtained by the search. However, the record fails to disclose any facts with respect to the delay involved or the existence of some definite legal prejudice to Bradley resulting from the delay.

Accordingly, we are remanding solely for the purpose of inquiry by the district court into the above-mentioned questions. His supplemental exploration into the circumstances surrounding the delay and the resulting prejudice, if any,

---

4. Spinelli v. United States, 382 F.2d 871, 885 (8th Cir. 1967).

5. *See* House v. United States, 134 U.S.App. D.C. 10, 411 F.2d 725, 728 (1969); Spinelli v. United States, 382 F.2d 871, 885 (8th Cir. 1967); Seymour v. United States, 85 U.S.App.D.C. 366, 177 F.2d 732 (1949).

6. State v. Perkins, 220 Mo.App. 349, 285 S.W. 1021, 1024 (1926).

7. Spinelli v. United States, 382 F.2d 871, 885 (8th Cir. 1967).

8. House v. United States, 134 U.S.App. D.C. 10, 411 F.2d 725 (1969); Mitchell v. United States, 103 U.S.App.D.C. 341, 258 F.2d 435 (1958); Seymour v. United States, 85 U.S.App.D.C. 366, 177 F.2d 732 (1949).

9. 382 F.2d 871, 886 (8th Cir. 1967).

will develop a record upon which his determination will rest, with Bradley's conviction to stand or fall in accordance with his conclusions.[10]

Remanded.

10. *See* House v. United States, 134 U.S.App.D.C. 10, 411 F.2d 725, 728 (1969).