Argued March 27, affirmed May 4, 1972

# STATE OF OREGON, *Respondent, v.* THOMAS LYNN THACKER (No. 39661), *Appellant.*

496 P2d 729

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab,* Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

Defendant appeals his conviction for the illegal possession of marihuana under former ORS 474.020. He assigns as error the denial of his motion to suppress evidence seized in a search of defendant's residence pursuant to a search warrant.

---

* Schwab, C. J., did not participate in this decision.

The issuance of the search warrant was based on the following affidavit:

"I, Richard Grossnicklaus, depose and state:

"That I am a deputy sheriff in Linn County Oregon and have been so employed for five and one half years.

"That in the course of my employment I have had courses in drug identification * * *. That I have had numerous personal contacts with drugs as a part of my regular employment with the Linn County Sheriff's Office and have had particular contact with marijuana, and have had numerous opportunities to observe items which have been chemically tested and found to be marijuana;

"That on March 19, 1971 at about 8:00 P.M. I was contacted by an individual whom I know to be a resident of the Mehama area, and that on that date this individual informed me that he could make a purchase of marijuana at the Thacker residence at 410 South First Street, Mill City, Oregon.

"That on March 20, 1971 at 1:50 P.M. I again was contacted by this individual and an agreement was made to attempt to purchase the marijuana at the 410 South First Street address.

"That I, in the presence of Cpl. Thomas Drynan of the Oregon State Police, at 1:50 P.M. on March 20, 1971, did throughly [sic] search this individual and his vehicle and found no marijuana.

"That following the search of the individual and the vehicle at approximately 2:00 P.M. the individual drove in his vehicle to the 410 South First Street address, arriving there at approximately 2:09 P.M. and was observed arriving by Cpl. Drynan and Chief of Police Don Gillenwater of Mill City;

"That Cpl. Drynan and Chief Gillenwater watched the 410 South First Street address untill [sic] this individual left at 3:11 P.M., March 20,

1971, and that at 3:25 P.M., March 20, 1971, this individual contacted me and at that time had in his posession [sic] a plastic baggy [sic] containing approximately 12 grams of a substance I believe to be marijuana;

"That the location at which this individual contacted me was near the H & H Cedar Products at 3:25 P.M., a distance of approximately 3 miles from the 410 First Street address, and this location was the meeting place arranged before the individual left my presence at 2:00 P.M., March 20, 1971;

"That the individual stated that he had purchased this marijuana at the 410 South First Street address and also stated that while he was there he had observed the sale of a similar quantity of marijuana to another person, as well as the sale of some pills in a plastic bag, both sold to the same person at a price of $26.00;

"That I believe there is now marijuana at the residence at 410 South First Street in Mill City, Oregon, and I make this affidavit for the purpose of obtaining a search warrant for said residence."

■ There was no record made of the hearing on the motion to suppress. However, a stipulation was made that the points of fact in the case were as related by Deputy Grossnicklaus in the affidavit. Our review of the motion to suppress is limited to the question of whether the facts stated on the face of the affidavit were sufficient to furnish probable cause for the issuance of the search warrant.

■■ The defendant alleges that there was no showing of probable cause because the reliability of the informant was not established. We disagree. The reliability of an informant may be established by the independent corroboration of his information, as well as by a recital that he has previously proven reliable.

In the present case Deputy Grossnicklaus searched the informant and his car and found no marihuana. At approximately 2 p.m. the informant left the officer's presence and drove to 410 South First Street. He arrived at approximately 2:09 p.m. His arrival was observed by Cpl. Drynan and Chief Gillenwater, who watched the premises until the informant left at 3:11 p.m. The informant contacted Deputy Grossnicklaus at a prearranged meeting place approximately three miles from the First Street address at 3:25 p.m. He had in his possession approximately 12 grams of a substance which Deputy Grossnicklaus believed to be marihuana. The informant stated that he had purchased it at 410 South First Street.

In assessing the reliability of an informant, we have previously found that the fact that the informant turned over to the police the marihuana which he claimed to have purchased was persuasive evidence of his reliability. *State v. Evans,* 1 Or App 489, 463 P2d 378, Sup Ct *review denied* (1970).

In addition the officers determined that the informant had no marihuana in his possession at the initiation of the transaction and kept the residence under surveillance while the informant was inside. While the facts in this case are not as strong as in *State v. Spicer,* 254 Or 68, 456 P2d 965 (1969), where the informant was under constant surveillance, the silence of the affidavit in this regard does not dictate a different result. At the most the informant was unobserved for nine minutes while he drove to the residence and 14 minutes on his return. The distance involved was approximately three miles.

Although the time lapse in the surveillance makes it possible that the marihuana was obtained enroute,

rather than at the First Street residence, the determination of reliability involves a balancing of probabilities. The short lapse in the surveillance, without more, did not destroy the probative value of the verification procedures employed here by the police. The corroboration of the informant's statement was sufficient to lead a reasonably cautious person to believe the information to be reliable. We find that the facts disclosed on the face of the affidavit justified a finding of probable cause for the issuance of the search warrant.

■■ There is no merit to the defendant's further contention that the warrant was rendered invalid because the police, without any explanation, waited nine days before executing the warrant. The warrant was executed within the 10-day period allowed by ORS 141.100. If the defendant wishes to raise the contention that probable cause has been extinguished by a delay in execution within the statutory limitations, it is incumbent upon him to bear the burden of proof on the issue. *See, State v. Elkins,* 245 Or 279, 422 P2d 250 (1966). The defendant presented no evidence on this issue and thus his contention must fail.

Affirmed.