STATE, Plaintiff-Respondent, v. EDWARDS, Defendant-Appellant.†

Court of Appeals

*No. 79–663–CR. Submitted on briefs October 12, 1979.—*
*Decided November 12, 1979.*
(Also reported in 286 N.W.2d 369.)

† Petition to review granted.

For the defendant-appellant the cause was submitted on the brief of *John D. Murray,* and *Quentin Z. Brooks* of counsel, both of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, with whom on the brief was *David J. Becker,* assistant attorney general.

Before Decker, C. J., Moser, P. J. and Cannon, J.

CANNON, J.   On November 11, 1977, defendant was convicted of possession of heroin with intent to deliver, contrary to secs. 161.14(3)(k) and 161.41(1m)(a), in addition to possession of marijuana with intent to deliver contrary to secs. 161.14(4)(k) and 161.41(1m)(b), Stats. He was sentenced to five years in the Wisconsin State Prison at Waupun on the first charge and one year on the second charge, the sentences to run concurrently.

On appeal, we are confronted with the issue of the admissibility at trial of evidence seized under authority of a search warrant executed by city of Milwaukee police officers four days after its issuance. Defendant argues that this was not in compliance with the provision in the warrant to search the premises at 418 West Burleigh Street "forthwith." [1]

The trial court denied defendant's motion to suppress on the ground that the "warrant was not a stale warrant, and that it was executed within a reasonable period of time as measured against the legislative guidelines." [R. at 32] [2]

---

[1] A copy of the search warrant was not made part of the record on appeal. This court must, therefore, rely on the briefs of the parties as to the language contained therein.

[2] Section 968.15, Stats:

Search warrants; when executable

(1) A search warrant must be executed and returned not more than 5 days after the date of issuance.

The search warrant was issued on September 23, 1976. The record shows that it was executed on September 27, 1976. Prior to executing the warrant, the officers established surveillance of the premises, and observed the defendant leave the residence with a companion. The two men were approached by the officers and taken back to the residence to execute the search warrant. The seized items were taken by the officers to be examined for the purpose of establishing their contraband nature. These items were subsequently introduced into evidence at trial.

## VALIDITY OF THE SEARCH WARRANT

Section 968.15, Stats. provides a framework of five days within which search warrants must be executed or they become void. On appeal, the state argues that any execution within the five days is timely.

This court refuses to adopt the rule that execution of a search warrant at any time within the five days allowed by statute is valid. Rather, we adopt the view of those courts holding that the statute merely sets a maximum time period within which a warrant must be executed and returned, the circumstances of each case determining whether execution must occur in less than five days. *House v. United States,* 411 F.2d 725, 728 (D.C. Cir. 1969), *Spinelli v. United States,* 382 F.2d 871, 885 (8th Cir. 1967), *rev'd on other grounds,* 393 U.S. 410 (1969) ; *United States v. Bradley,* 428 F.2d 1013 (5th Cir. 1970).

Recent decisions have reiterated the principle that the important factor in determining the validity of an untimely executed search warrant is the existence of probable cause at the time of its execution. *United States v.*

(2) Any search warrant not executed within the time provided in sub. (1) shall be void and shall be returned to the judge issuing it.

*Bedford,* 519 F.2d 650 (3rd Cir. 1975) ; *United States v. Rael,* 467 F.2d 333 (10th Cir. 1972), *cert. denied,* 410 U.S. 956 (1973) ; *United States v. Nepstead,* 424 F.2d 269 (9th Cir. 1970), *cert. denied,* 400 U.S. 848 (1970). This is because a search warrant is based upon "a judicial determination of the *present existence* [Emphasis in original.] of justifying grounds . . . *at the time of issuance of the warrant."* [Emphasis supplied.] *Mitchell v. United States,* 258 F.2d 435, 437 (D.C. Cir. 1958) (Bazelon, J., concurring). Unreasonable delay in executing the warrant can increase the possibility that the probable cause supporting the warrant will be dissipated. *Nepstead, supra* at 271; *United States ex rel. Beal v. Skaff,* 418 F.2d 430, 433 (7th Cir. 1969).

The continued existence of probable cause will, of necessity, depend on the circumstances of each case. Thus the practicalities and exigencies faced by officers must be considered in determining whether a delay is unreasonable or has rendered the warrant stale. This approach adopts an interpretation of the "forthwith" language of the warrant in the context of reasonableness. *United States v. Harper,* 450 F.2d 1032 (5th Cir. 1971) ; *United States v. Dunnings,* 425 F.2d 836 (2d Cir. 1969), *cert. denied,* 397 U.S. 1002 (1970) ; *United States v. Wilson,* 491 F.2d 724 (6th Cir. 1974). Reasonableness cannot be determined by the mere passage of time and timeliness of execution should not be determined by mechanical application of a set number of days. Such a *per se* test of timeliness would permit deliberate delay in execution of warrants, and allow officers to select their own time and further their own purposes in choosing when to serve a warrant. *Bradley, supra* at 1015. As stated in the 1969 commentary to sec. 968.15, Stats., Wis. Stat. Ann : "It is believed that there should be some reasonable period in which a warrant should be executed

and returned. Experience teaches that normally search warrants have little effect if they are not promptly served. They should not be held by an officer and served at his whim." Rather than utilizing the passage of time as a test of reasonableness, this court is of the opinion that when a challenge of untimely execution of a search warrant is made, an evidentiary hearing may be necessary to determine (1) whether the probable cause which existed at the time of issuance of the warrant still continued at its execution, and (2) whether the delay in execution of the warrant was unfairly prejudicial.

In the case before us, the record does not contain such a hearing. Facts necessary to the determination of whether the four-day delay in execution was justifiable or whether any prejudice resulted from the delay are not available. Inquiry into this area was cut off by the trial court. If the court made a finding of reasonable promptness in the execution of the warrant based on testimony of the officers, we are not aware of it. Accordingly, we remand for the purpose of an evidentiary hearing.

It should be noted that even if the four-day delay in this case is held to be unreasonable, the evidence seized will not necessarily be suppressed. The defendant must also "point to some definite legal prejudice attributable to this unjustified delay." *Spinelli, supra* at 886. The defendant, therefore, should be afforded an opportunity to develop a record regarding such prejudice in the hearing on remand. To do so, he must show that something occurred between the time the warrant was issued and the search was made which would change the facts set out in the affidavits upon which the issuing judge found probable cause.

[A] delay in the execution of a search warrant is impermissibly prejudicial to a defendant where the pres-

ence of contraband or incriminating evidence on the premises at the time of the execution of the warrant is due to the fact that the warrant was not served expeditiously. In other words, if a prompt search would have disclosed nothing incriminating, and if during an unreasonable delay period the defendant brings incriminating evidence into or onto the premises which is seized as a result of the delayed search, the defendant has sustained legal prejudice. *United States v. McClard*, 333 F. Supp. 158, 166 (E.D. Ark., W.D. 1971).

## CONCLUSION

Unreasonable delay in the execution of a search warrant cannot be condoned, however, officers must be allowed reasonable latitude in the performance of their duties. An evidentiary hearing in this case is, therefore, necessary to determine the reasonableness of the officers' conduct where there is a question of staleness. Lacking such a record, we cannot undertake final disposition of this case.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.