STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

˙v.

Louis EDWARDS, Defendant-Appellant.

Supreme Court

*No. 79–663–CR. Argued September 4, 1980.—*
*Decided September 30, 1980.*

(Also reported in 297 N.W.2d 12.)

For the respondent-petitioner the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the appellant there was a brief by *John D. Murray,* attorney, and *Quentin Z. Brooks,* of counsel, both of Milwaukee, and oral argument by *John D. Murray.*

WILLIAM G. CALLOW, J. This is a review of a decision of the court of appeals reversing an order of the

circuit court for Milwaukee county which denied the defendant's motion to suppress evidence obtained under the authority of a search warrant which the defendant challenged as untimely executed. At trial the evidence the defendant had sought to suppress was admitted, and the defendant was found guilty of possession of heroin and marijuana with intent to deliver. The court of appeals remanded with instructions to hold an evidentiary hearing after determining that the record was inadequate to support any conclusion regarding the reasonableness of the searching officers' conduct when the issue presented is a question of timeliness in the execution of a search warrant.

I.

The state applied for a search warrant which was issued September 23, 1976, at 12:10 p.m. The warrant return was filed with the clerk of courts September 28, 1976, at 2:05 p.m. On September 27, 1976, Officers Dennis Forjan and Verbie Swanigan were assigned to maintain surveillance of a house at 418 West Burleigh Street in Milwaukee. They had the search warrant in their possession. They observed a person identified as Roger Jewel go to the door of the house and the defendant open the door. Approximately ten minutes later the defendant and Jewel came out of the house and proceeded to a vehicle on the street. At this time the officers took the defendant and Jewel into custody, and under the authority of the search warrant entered the house. The evidence sought to be suppressed was found inside the house.

We determine there are three questions presented on this review, all dealing with the basic question of what constitutes timely execution of a search warrant: (1) Was the execution of the search warranty timely? (2)

Who bears the burden of proof in a timeliness challenge to a search warrant? (3) Should this case be remanded for an evidentiary hearing?

## II.

A threshold issue relating to the timeliness of the execution of the warrant is whether the execution and return of the warrant complied with sec. 968.15, Stats.[1] The defendant impliedly argues that, since the return of the warrant was filed several hours after the five-day anniversary of the date and hour of issue, the warrant had expired. We do not accept this contention. Compliance with sec. 968.15 is not to be measured by counting the number of hours which transpire from the moment of issue to the moment of return. The statutory language speaks of days, not hours. In computing the time within which an act must be done, sec. 990.001(4)(d), Stats., states "[r]egardless of whether the time limited in any statute for the taking of any proceeding or the doing of an act is measured from an event or from the date or day on which such event occurs, the day on which such event took place shall be excluded in the computation of such time." Accordingly, the five-day period prescribed for the return of the warrant begins to run on the day following the issuance of the warrant. The return of the warrant here was filed on the fifth day following its issuance and thus was clearly in compliance with sec. 968.15.

---

[1] Sec. 968.15, Stats., states:

"968.15 **Search warrants; when executable.** (1) A search warrant must be executed and returned not more than 5 days after the date of issuance.

"(2) Any search warrant not executed within the time provided in sub. (1) shall be void and shall be returned to the judge issuing it."

Having determined that subject warrant was executed and returned within the applicable statutory limits, we must next consider whether the execution of the warrant was untimely even though it occurred within five days of its issue.

(A)

Irrespective of compliance with a rule or statutory time limit within which a search must be executed, a delay in the execution of a warrant may be constitutionally impermissible under the Fourth Amendment. *See:* 2 LaFave, *Search and Seizure,* sec. 4.7, 114–16 (1978). Accordingly, the mere passage of time cannot be the sole determiner of the timeliness of a warrant's execution. In *United States v. Bedford,* 519 F.2d 650, 655 (3rd Cir. 1975), the court of appeals, reviewing the validity of a state issued search warrant, stated:

"The element of time can admittedly affect the validity of a search warrant. Since it is upon allegation of presently existing facts that a warrant is issued, it is essential that it be executed promptly, 'in order to lessen the possibility that the facts upon which probable cause was initially based do not become dissipated.' If the police were allowed to execute the warrant at leisure, the safeguard of judicial control over the search which the fourth amendment is intended to accomplish would be eviscerated. Thus, a search pursuant to a 'stale' warrant is invalid." (Footnotes omitted.)

We also believe that any consideration of the timeliness of the execution of a search warrant necessarily requires an inquiry into the continued existence of probable cause at the time of the execution. The court of appeals said that, when a challenge to the timeliness of the execution of a warrant occurs, the trial court should determine (1) whether the probable cause which existed at the time of

the issuance of the warrant still continued to exist at the time of its execution, and (2) whether the delay in execution of the warrant was unfairly prejudicial. The court of appeals then described the determinations to be made upon remand as "whether the four-day delay in execution was justifiable" and "the reasonableness of the officers' conduct." *State v. Edwards,* 93 Wis.2d 44, 49, 50, 286 N.W.2d 369 (1979). We disagree.

The first element of the test of timeliness—the continued existence of probable cause—is wholly independent of any justification for delay or of the reasonableness of the searching officers' conduct which caused the delay. Probable cause exists when a magistrate is "apprised of sufficient facts to excite an honest belief in a reasonable mind that the objects sought are linked with the commission of a crime, and that the objects sought will be found in the place to be searched." *State v. Starke,* 81 Wis.2d 399, 408, 260 N.W.2d 739 (1978). Clearly, justification for delay can never resurrect probable cause if it has dissipated. Likewise, a delay within the statutory time limit is not fatal if at the time of the execution of the warrant probable cause continues to exist.

"Timeliness of execution should not be determined by means of a mechanical test with regard to the number of days from issuance, nor whether any cause for delay was per se reasonable or unreasonable. Rather it should be functionally measured in terms of whether probable cause still existed at the time the warrant was executed." *United States v. Bedford,* 519 F.2d at 655.

It also follows that the reasonableness of the searching officers' conduct is not material to the existence of probable cause, since the probable cause will either continue or dissipate regardless of how reasonable or unreasonable the police conduct involved.

The defendant focuses upon a different aspect of the timeliness issue by arguing that the execution of the warrant violated the warrant's prefatory command that it be executed "forthwith." The essence of this position seems to be that the command of forthwith execution articulates some standard of timeliness independent of the continued existence of probable cause. It is true that the legislature saw fit to set forth a form for search warrants. Sec. 968.23, Stats. That form does conclude with a command to the searching officers to conduct the search forthwith. But the introductory language of that section expressly indicates that the form set forth is illustrative, not mandatory. Accordingly, the form shown in that section cannot be taken as an expression of substantive legal elements of a valid search warrant. Additionally, neither sec. 968.15, Stats., nor any other statutory provision relating to search warrants requires execution forthwith.

The defendant also relies upon the command of forthwith execution at one time found in Fed. R. Crim. P. 41(c) and upon several federal cases decided under that rule. The requirement of forthwith execution was removed from Rule 41 by operation of a 1972 amendment, however, and in its place was included language creating judicial discretion in setting the period in which the warrant must be executed, but not to exceed ten days. In *United States v. Bradley*, 428 F.2d 1013, 1016 (5th Cir. 1970), the court analyzed the forthwith requirement prior to its removal from Rule 41, stating:

"We are convinced that 'forthwith' requires no more or less than reasonable promptness, diligence or dispatch in executing a warrant, considering the difficulties actually encountered in attempting to perform the task. The command of 'forthwith' clearly will not tolerate delay 'when

deliberate and made by the officers for the purpose of selecting their own time and for their own purpose', especially where that purpose is to prejudice the rights of a suspect." (Footnotes omitted.)

It is our opinion that the five-day period set forth in sec. 968.15, Stats., similar to the ten-day period under Rule 41(c), represents a legislative recognition that execution of a search warrant within the five-day period satisfies any requirement that the execution be with "reasonable promptness, diligence or dispatch." *Id.* at 1016. It does not diminish judicial control over searches, yet it minimizes the risk that the criminal justice system will be clogged by unmeritorious challenges to search warrants based upon claims of unreasonable delay.

We come to the second element in the test of the timeliness of the execution of a search warrant articulated by the court of appeals—whether the delay in the execution was unfairly prejudicial to the defendant. The court of appeals, relying upon *United States v. McClard,* 333 F. Supp. 158, 166 (E.D. Ark. 1971), stated that the defendant must be given an opportunity to show unfair prejudice resulting from, for example, the discovery by the searching officers of evidence that would not have been found had the search been conducted more expeditiously. *See also: United States ex rel. Beal v. Skaff,* 418 F.2d 430, 433 (7th Cir. 1969); *Mitchell v. United States,* 258 F.2d 435, 437 (D.C. Cir. 1958). As was noted in *Bradley, supra,* one of the reasons for requiring search warrants to be executed forthwith was to minimize the possibility of prejudice resulting from the discovery of such evidence. But we have already stated that in this state, the five-day period set forth in sec. 968.15, Stats., is the statutory equivalent of execution forthwith.

We decline to adopt the court of appeals' "unfairly prejudicial" test for timeliness. The proper test for de-

termining the timely execution of a search warrant is (1) whether the warrant was executed in compliance with sec. 968.15, Stats., and (2) if such compliance is found, whether the probable cause which existed at the time of the issuance of the warrant still continued at the time of its execution. If the execution meets this test, there can be no prejudice requiring suppression resulting from the seizure of evidence that was not present when the warrant was issued.

## (B)

Since we have stated the elements of a timeliness challenge to the execution of a search warrant, we must decide whether the prosecution or the defense must carry the burden. The burden of proof in a challenge to the existence of probable cause for the issuance of a search warrant is clearly with the defendant. *Ritacca v. Kenosha County Court,* 91 Wis.2d 72, 78, 280 N.W.2d 751 (1979) ; *Morales v. State,* 44 Wis.2d 96, 102, 170 N.W.2d 684 (1969). We, therefore, find it reasonable to place the burden of proving the dissipation of probable cause likewise with the defendant. It would be an unreasonable and unnecessary burden on the state as well as the courts to force the state to justify the timeliness of every search warrant executed by requiring a showing that probable cause had not dissipated. The defense must be afforded an opportunity to offer proof of the lack of timeliness, and in such a challenge the burden is with the defense. This conclusion is supported in *State v. Thacker,* 9 Ore. App. 250, 496 P.2d 729, 732 (1972), where the court stated, "if the defendant wishes to raise the contention that probable cause has been extinguished by a delay in execution within the statutory limitations, it is incumbent upon him to bear the burden of proof on

the issue." To meet this burden the defense must prove, by a preponderance of the credible evidence, that the probable cause upon which the warrant originally issued had dissipated at the time the warrant was executed. *See, e.g.: United States v. Matlock,* 415 U.S. 164, 177 n. 14 (1974) ; *Lego v. Twomey,* 404 U.S. 477, 489 (1972). *See generally:* Ringel, *Searches & Seizures, Arrests and Confessions,* sec. 20.4, 17–18 (2d ed. 1979) ; 3 LaFave, *Search and Seizure,* sec. 112, 515 (1978). As to the question of compliance with sec. 968.15, Stats., since that is an element in the challenge based upon timeliness, proof of noncompliance is similarly with the defense.

## III.

Since the burden of proof in a timeliness challenge is on the defense, we must examine the record to determine the correctness of the court of appeals' statement that the "[i]nquiry into this area was cut off by the trial court." *State v. Edwards,* 93 Wis.2d at 49. The record reveals that the attorney for the defendant raised the issue of the suppression motion at a motion hearing. The defense counsel's statement on the merits of the motion is as follows:

"*Mr. Coffey:* Essentially, Judge, it's a situation wherein the search warrant was obtained on a given day —I believe it's the 23rd of the month—at approximately 12:00 o'clock in the afternoon. It is not returned to the Clerk's Office until approximately the 28th of the month, at some time later in the afternoon that is after—after 12:00 o'clock. I'm not—I'm not saying that the 23rd and 28th are accurate dates, but the five day interval is an accurate reflection of the record.

"It's our position, Judge, that pursuant to section 968.14—I'm sorry, 968.15 with respect—which indicates that search warrant must be executed and returned not more than five days after the date of issuance. The return in this matter is not timely. Additionally it is our

position that the officer, if he were called to testify, in fact was called to testify in a companion case on Friday before Judge Jackson involving another defendant, would indicate that he did not make any effort whatsoever to —to execute the search warrant until the fourth day, so that it would have been on the 27th that he executed the warrant, and then it was not returned until the next day.

"It is our position that both as a consequence of case law and the statutes themselves that search warrant was invalid at the—as a consequence of the manner in which it was executed and returned."

The prosecutor then stated, "it might be advisable to have some testimony from the officer, unless that's all contained in the court records." When defense counsel offered to get the record to which the prosecutor referred, the trial judge accepted the offer and suggested counsel attempt to stipulate facts, stating "otherwise I'll entertain a motion to take some testimony if you feel it's necessary." Counsel approved that procedure, a briefing schedule was established, the judge agreed to file a written decision, and a trial date was set.

We do not agree with the court of appeals' conclusion that the defense was "cut off." The record supports a conclusion that the defendant was given an opportunity to offer evidence to support his objections to the search warrant without limitation. While the record is sparse regarding the reasons why the search warrant should be found untimely executed, we find it sparse because the defendant chose to limit his offer of proof. Accordingly, we see no reason to remand to the trial court for a further evidentiary hearing.

*By the Court.*—The decision of the court of appeals is reversed, the order of the trial court denying the defendant's motion to suppress is reinstated, and the judgment is affirmed.

STEINMETZ, J., took no part.

HEFFERNAN, J. *(concurring)*. I join in the result reached by the court, but cannot join in the language of the last two paragraphs of section II (A) of the opinion. That language concludes that if a warrant is executed in compliance with statutory time limits, and the probable cause which existed when a magistrate issued the warrant has not dissipated at the time of execution, the seizure of evidence not on the premises when the warrant issued can never be prejudicial to the defendant so as to require suppression.

Whether or not this statement would always be true I am not, on the basis of the facts of this case, prepared to say. Such an absolute view is unnecessary to the result reached by the court and was not addressed by the parties or by the courts below. Under the circumstances I decline to adopt such sweeping *obiter dicta*.

I am authorized to state that Justice ABRAHAMSON joins in this concurrence.