STATE of Wisconsin, Plaintiff-Appellant,

v.

Randy R. MARTEN, Defendant-Respondent.

Court of Appeals

*No. 91-0119-CR. Submitted on briefs July 2, 1991.—Decided September 19, 1991.*

(Also reported in 477 N.W.2d 304.)

For the plaintiff-appellant the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

For the defendant-respondent the cause was submitted on the brief of *William F. Laman* of *Laman and Swenson Law Offices* of Eau Claire.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J. This is a prosecution for violation of the drug laws in which the state appeals from an order granting the defendant's motion to suppress evidence found in a search of his home. The issues concern the validity of the search warrant: (1) whether it was supported by probable cause; and (2) whether it was fatally overbroad in its description of the place to be searched.

We conclude that the warrant was valid. As a result, we vacate the circuit court's order suppressing the evidence.

The warrant, which authorized police to search a home, yard and "outbuildings" belonging to the defendant, Randy Marten, for marijuana and drug parapher-

nalia, was based on information provided by an informant and on the observations of a police officer surveillant.

The complaint for the warrant states that the informant advised police that a man named George Meeker was known to be a seller of marijuana and detailed his routine methods of operation. His practice was to have the purchaser meet him at his residence, from which they would drive together to a tavern known as "J.R.'s." Meeker would then leave the purchaser at the tavern and drive off alone to obtain the marijuana. A short time later, Meeker would return to the tavern with the marijuana and complete the sale. The complaint goes on to state that, on the evening in question, the informant met Meeker at his home to make a purchase of marijuana. The two of them—followed by the surveilling police officer—then drove to J.R.'s Tavern. The complaint contains the officer's statement that:

> The informant is dropped off [at the tavern] and Meeker continues east bound . . .. [Meeker] then turns right into a residence . . .. [The police officer] continues his surveillance and Meeker's vehicle then leaves . . . Randy Marten's residence and goes back to J.R.'s Tavern.

When Meeker returned to the tavern, he encountered a police undercover agent, whom he told that he had "just bought an ounce of marijuana for $140"; and when the agent inquired about buying some, Meeker refused, stating that he was "saving [it] for someone else." Meeker and the informant then returned to Meeker's home, where the informant purchased one-half ounce of marijuana from Meeker for $70.

The warrant to search Marten's property was based on this information, and quantities of marijuana were

found in his house. He was charged with possessing and delivering marijuana and moved to suppress all evidence resulting from the execution of the warrant. He argued that the warrant was not based on probable cause because the police officer did not expressly state in the complaint that he had actually seen Meeker enter Marten's home. He also contended that the warrant was fatally overbroad because the complaint did not state probable cause to support a search of the yard and outbuildings in addition to his house. The trial court granted the motion and the state appeals.

Section 968.12(1), Stats., states that "[a] judge shall issue a search warrant if probable cause is shown [in the complaint]." And "[p]robable cause exists when a magistrate is 'apprised of sufficient facts to excite an honest belief in a reasonable mind that the objects sought are linked with the commission of a crime, and that the objects sought will be found in the place to be searched.' " *State v. Edwards,* 98 Wis. 2d 367, 373, 297 N.W.2d 12, 15 (1980), quoting *State v. Starke,* 81 Wis. 2d 399, 408, 260 N.W.2d 739, 744 (1978).

> The quantum of evidence necessary to support a determination of probable cause for a search warrant is less than that required for conviction or for bindover following a preliminary examination. On review [we] must determine whether the magistrate issuing the warrant was apprised of sufficient facts to excite an honest belief in a reasonable mind that the objects sought are linked with the commission of a crime and that they will be found in the place to be searched . . . .. The affidavit is to be read in a commonsense, not a hypertechnical, fashion. *Ritacca v. Kenosha County Court,* 91 Wis. 2d 72, 77–78, 280 N.W.2d 751, 754 (1979) [citation omitted].

The existence of probable cause is determined by applying the "totality-of-the-circumstances" test adopted by the United States Supreme Court in *Illinois v. Gates,* 462 U.S. 213 (1983). In *Gates,* the Court ruled that "[t]he task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit . . . a fair probability [exists] that contraband or evidence of a crime will be found in a particular place." *Id.* at 238. Elaborate specificity is not required, and the officers are entitled to the support of the usual inferences which reasonable people draw from facts. *Starke,* 81 Wis. 2d at 410, 260 N.W.2d at 745.

Under the totality of the circumstances of this case, we conclude that the complaint provides a substantial basis for concluding that there was a "fair probability" that marijuana would be found on Marten's premises. *Gates,* 462 U.S. at 238. The informant's information detailed the precise procedure Meeker habitually followed when selling drugs—meeting a buyer, going to the tavern, leaving to get the drugs, then picking up the buyer and completing the deal—and Meeker's actions on the night of the sale closely followed that script. In addition, when he returned to the tavern from Marten's house, Meeker told an undercover agent at the tavern that he had just obtained marijuana "for someone else."

When an informant is shown to be right about some things he has alleged, it is probable that he is also right about others. *State v. Richardson,* 156 Wis. 2d 128, 141, 456 N.W.2d 830, 835 (1990). Independent police corroboration of the informant's tip imparts a degree of reliability to the unverified details. *Id.* at 141–42, 456 N.W.2d

at 835. Because the informant in this case was shown to be correct about every other aspect of Meeker's method of operation, we may infer that he was also correct about the fact that Meeker obtained the marijuana at the place he stopped immediately before the sale.

As indicated, the trial court grounded its finding of no probable cause on a single point: that the complaint did not specifically state that the officer actually saw Meeker enter Marten's residence. The complaint states that the officer saw Meeker's vehicle turn in to Marten's residence and, after a short time, leave and return to the tavern. These observations, given a commonsense reading—and considered in light of Meeker's routine drug sale practices, his adherence to them on the night in question and his statements to the undercover agent upon returning to the tavern—are adequate to support issuance of the warrant under *Edwards, Ritacca,* and *Gates.*[1]

Marten next argues that the evidence procured should be suppressed because the warrant was overbroad. As indicated, the warrant authorized the search of Marten's yard and "outbuildings" as well as his house. He contends there was no probable cause to search the yard or outlying buildings.

The general rule is that items seized within the scope of a warrant need not be suppressed simply

---

[1] In a somewhat analogous situation, the Wisconsin Supreme Court ruled that probable cause to search a residence existed where the affidavit in support of the search warrant provided that the drug dealer, after stating that he would "get a sample," was observed "return[ing] to [a] residence" which he had approached earlier, finding no one home, and several minutes later, "return[ing] . . . with . . . marihuana." *State v. Anderson,* 138 Wis. 2d 451, 456, 469–70, 406 N.W.2d 398, 401, 407 (1987).

because other items outside the scope of the warrant were also seized—unless the entire search was conducted in "flagrant disregard for the limitations of the warrant." *State v. Petrone,* 161 Wis. 2d 530, 548, 468 N.W.2d 676, 683 (1991). When a search warrant is partially but not entirely defective, the defective portion may be severed. *State v. Noll,* 116 Wis. 2d 443, 454-55, 343 N.W.2d 391, 396-97 (1984).

Even if we were to assume that there was no probable cause supporting the warrant's inclusion of the yard and outbuildings—an issue we need not decide—there is no evidence that these areas were ever searched, and it does not appear that any evidence was found in them. We thus conclude that the severability rule—which has been applied in situations in which a warrant's *description of the property to be seized* is overly broad, *Noll,* 116 Wis. 2d at 454-55, 343 N.W.2d at 396-97, and in situations in which the *seizure* of items under an appropriately specific warrant was overly broad, *Petrone,* 161 Wis. 2d at 548, 468 N.W.2d at 682-83—applies equally where the *description of the premises to be searched* is overly broad, as is the case here. Thus, the portion of the warrant authorizing a search of the yard and outbuildings may be severed from the portion authorizing the search of Marten's home. The items seized from the house remain unaffected and may be properly admitted in evidence.

*By the Court.*—Order reversed.