OPINION AND ORDER

In this appeal, the appellate court must address the proper allocation of the burden of proof in a motion to suppress evidence that has been allegedly illegally obtained during an improper car search. Before addressing this issue, the court must also confront the proper jurisdiction of the appellate court in criminal appeals.
FACTUAL AND PROCEDURAL BACKGROUND[2]
Officer William Coochyouma was employed as a police officer for the Hopi Tribe.[3] On July 18, 1995, Officer Coo-chyouma was traveling west on State Route 264 when he noticed appellant Timothy Randolph driving east.[4] Coochyouma estimated that the car was traveling at an excessive speed and decided to turn on the radar device that he had been issued earlier in the day.[5] The police department had a policy of checking the calibration of the radar device with tuning forks and taking any defective radar devices out of service[6] When directed toward Randolph’s car, the radar device registered 55 miles per hour.[7] The posted speed limit was 45 miles per *284 hour.[8] As the car passed, Coochyouma recognized Randolph as a known drug dealer.[9]
Coochyouma turned his car around, stopped Randolph, and asked him for his license and registration.[10] As Randolph produced his license and registration in his mother’s name,[11] Coochyouma smelled alcohol and asked Randolph to step out of the car.[12] As Randolph exited the car, Coochyouma saw a few beer cans in the back seat and asked Randolph if he would consent to a car search.[13] Randolph agreed.[14]
During Coochyouma’s search of the passenger area, he found three cans of beer.[15] After this finding, the facts are in doubt. At one point during the suppression hearing, Coochyouma testified that he asked Randolph if he could open the trunk.[16] At another point during the hearing, Coo-chyouma testified that Randolph offered to open the trunk for him.[17] In any event, Coochyouma proceeded to search the trunk, but he did not find anything.[18] After completing the trunk search, Coo-chyouma asked to search the passenger area of the car again.[19] During the search, Coochyouma found another can of beer and a fanny pack.[20] Coochyouma admits that at this point he was searching for a plastic bag that he had seen earlier in the encounter.[21] Coochyouma squeezed the fanny pack and noticed that it was soft.[22] He asked Randolph what was in the fanny pack and Randolph responded that it was his stuff.[23] Coochyouma opened the fanny pack and found marijuana.[24]
At this point, Coochyouma arrested Randolph for possession of alcohol in violation of Hopi Tribal Ordinance 21 § 3.3.83 and possession of marijuana in violation of § 3.3.55. Randolph moved to suppress the evidence pursuant to Hopi Tribal Ordinance 21 §§ 2.7.7[25] and 2.4.8.[26] At the conclusion of the hearing, the Tribal Court concluded that defendants bear the burden *285 of proof on motions to suppress.[27] Because Randolph had not produced any evidence, the Tribal Court denied his motion without considering the merits.[28]
Randolph filed a motion for reconsideration.[29] The Tribe indicated that it had no objection to the court entering its decision based upon the evidence.[30] The Tribal Court issued another order finding the car stop valid and concluding that the search was also therefore valid.[31] Randolph pled guilty, but reserved his right to appeal the denial of his motion to suppress.[32] The Tribal Court sentenced Randolph to 365 days in jail and a $1,500.00 fine for possession of marijuana and a fine of $40.00 and court costs of $25.00 for possession of alcohol.[33] Two hundred seventy-five days of the prison term were suspended for one year of supervised probation.[34] Randolph promptly appealed his conviction.

ISSUES PRESENTED ON APPEAL

As a initial matter, the court must consider whether it has proper jurisdiction over this criminal appeal pursuant to Hopi Tribal Ordinance 21 and the Hopi Indian Rules of Civil and Criminal Procedure. The court will proceed to settle the proper allocation of the burden of proof in a motion to suppress evidence.

DISCUSSION

In resolving the issues in this case, it is necessary to consult legal authorities in the proper precedential order. Hopi Tribal Resolution H-12-76, Section 2 enumerates seven categories of legal authority. As interpreted in Hopi Tribe v. Makkewa» AP-002-92 (1995), the Hopi Constitution and By-laws, the Ordinances of the Hopi Tribal Council, the Resolutions of the Hopi Tribal Council, and the customs, tradition, and culture of the Hopi Tribe are mandatory authority. Federal law, Arizona law, and the common law may be consulted to help fill in the interstices in the mandatory authority. Therefore, relevant Hopi legal authorities will be consulted before introducing legal authorities from other jurisdictions.
I. THE APPELLATE COURT HAS PROPER JURISDICTION OVER RANDOLPH’S APPEAL PURSUANT TO HOPI TRIBAL ORDINANCE 21 AND THE HOPI INDIAN RULES OF CIVIL AND CRIMINAL PROCEDURE EVEN THOUGH RANDOLPH PLED GUILTY.
The appellate court’s jurisdiction is defined in section 1.2.5 of Hopi Ordinance 21 and Rule 37 of the Hopi Indian Rules of Civil and Criminal Procedure. Although no party has raised the issue, this case presents a question of first impression that is not specifically addressed by the jurisdictional provisions of these statutes: whether a criminal defendant can plead guilty and reserve the right to appeal the conviction. Because the parties cannot consent to bestow greater subject matter jurisdiction upon a court, it is appropriate for the court to raise the issue sua sponte. See, e.g., Louisville & Nashville RR. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 *286 L.Ed. 126 (1908). In this case, the Hopi legal authorities dealing with appellate jurisdiction do not specify whether a defendant can appeal a trial court order after pleading guilty to the underlying offense. Therefore, it is helpful to survey the law in other jurisdictions.
In general, a plea of guilty “is an admission of guilt and a waiver of all non-jurisdictional defects.” United, States v. Doyle, 348 F.2d 715 (2d Cir.1965). However, some jurisdictions specifically permit by statute conditional guilty pleas in which the defendant reserves the right to appeal some prior adverse ruling. See, e.g., Fed. R. Crim. P. 11(a)(2). Not all jurisdictions have a statute placing the legislature’s imprimatur on this practice. Nonetheless, some appellate courts have proceeded to determine the Fourth Amendment issue after a defendant conditionally pled guilty. See, e.g., Deal v. State, 626 P.2d 1073 (Alaska 1980), McNamara, v. State, 357 So .2d 410 (Fla.1978); State v. Age ¡Hard. 357 So.2d 535 (La.1978); People v. Reid, 420 Mich. 326, 362 N.W.2d 655 (1984). In fact, one court proceeded to determine the Fourth Amendment issue even though a state statute specifically disallowed conditional guilty pleas. State v. Lothenbach, 296 N.W.2d 854 (Minn.1980).
It is generally advantageous to allow defendants to plead guilty while preserving the right to appeal previous orders because defendants generally cannot take an interlocutory appeal from the denial of a pretrial motion to suppress. 3 Wayne R. LaFaVE, SEARCH AND SEIZURE: A TREATISE on the Fourth Amendment § 11.7(a) (3d ed. 1996); DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); State v. Klinger, 259 Iowa 381, 144 N.W.2d 150 (1966); State v. MacKenzie, 161 Me. 123, 210 A.2d 24 (1965). If conditional guilty pleas were not allowed, defendants would be forced to go to trial to preserve the right to appeal. Allowing the conditional guilty plea conserves prosecu-torial, defense, and judicial resources and promotes the expeditious disposition of cases without diminishing the opportunity to assert constitutional rights.
At the same time, this court recognizes that conditional guilty pleas undermine the finality of the criminal process, reduce the effectiveness of appellate review because there is no trial record, and force courts to reach constitutional questions that could be avoided under the harmless error doctrine. In balancing these considerations, the court looks for statements of public policy issued by the Hopi legislature. The legislature has specifically stated that the Hopi Indian Rules of Civil and Criminal Procedure “shall be liberally construed to secure the just, speedy, and inexpensive determination of every action.” H.I.R.C.C.P. Rule 1(b). This rule expresses the legislative desire to keep the time and expenses associated with trials to a minimum. Permitting the conditional guilty plea will accomplish both of these goals because criminal defendants will not have to proceed through a lengthy and expensive trial in order to preserve the right to appellate review of the conviction. Based upon this statement of public policy, the arguments in favor of conditional guilty pleas outweigh the arguments against them. Conditional guilty pleas are permitted in Hopi courts.
Having decided that conditional guilty pleas are permissible in Hopi courts, it is important to determine the proper disposition of the case if the defendant prevails on appeal. The federal rule is that the defendant can withdraw the guilty plea and the prosecutor can still proceed wnth the trial. See Fed. R. Crim. P. 11(a)(2). At least one state has provided that defendants who prevail on appeal automatically obtain judgments in their favor on the underlying *287 charge. However, even this state rejected this approach and adopted the federal rule. See Ex parte Hergott, 588 So.2d 911 (Ala. 1991). The federal rule appears to be the sound approach, and is adopted by this court, because the appellate court is not considering the merits of the underlying charge. It is only determining whether some particular evidence can be presented at trial. After this determination is made, the prosecutor still has the option of presenting any evidence that is still available.
In summary, conditional guilty pleas are an acceptable practice in Hopi courts. Having found that this court has proper jurisdiction over this appeal, it is necessary to proceed to the substantive issues presented on appeal.
II. FOR PURPOSES OF THIS APPEAL, THE TRIAL COURT’S FINDINGS OF FACT ARE ACCEPTED UNLESS CLEARLY ERRONEOUS, BUT THE TRIAL COURT’S CONCLUSIONS OF LAW INCLUDING THE ALLOCATION OF THE BURDEN OF PROOF AND THE FINDING OF PROBABLE CAUSE ARE REVIEWED DE NOVO.
The Hopi appellate court accepts findings of fact made by the trial court unless they are clearly erroneous, but reviews conclusions of law de novo. Coin v. Mowa, AP-005-95* (1997). A finding of fact is clearly erroneous “when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” Pullman-Standard, v. Swint, 456 U.S. 278, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). The issue is how to apply this rule to the denial of a motion to suppress evidence. The Coin court never had the opportunity to address this issue. However, other jurisdictions have concluded that on appeal from a denial of a motion to suppress evidence, the underlying facts found by the trial court are accepted unless clearly erroneous, but the ultimate Fourth Amendment conclusion of reasonable suspicion or probable cause is reviewed de novo. See, e.g., United States v. Diaz, 977 F.2d 163, 164 (5th Cir.1992); United States v. Casteneda, 951 F.2d 44, 47 (5th Cir.1992). In this case, the trial court did not make any findings of fact. However, the trial couit did conclude that the stop of the Randolph’s ear and the subsequent search were “valid.” These conclusions should receive de novo review on appeal. Moreover, the allocation of the burden of proof is a question of law that receives de novo review on appeal.
III. THE TRIAL COURT ERRED IN ALLOCATING THE BURDEN OF PROOF TO THE DEFENDANT DURING A HEARING TO SUPPRESS EVIDENCE THAT HAD BEEN ALLEGEDLY ILLEGALLY OBTAINED.
In this case, the trial court, observing that the burden of proof is ordinarily allocated to the moving party, placed the burden of proof on the defendant to prove that the search was unreasonable.[35] The allocation of the burden of proof is judged by due process standards. See e.g., Patterson v. New York, 432 U.S. 197, 201-02, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). In Maho v. Hopi Tribe, Nos. 95-CR-000509, 96-AC-000001, 1 Am. Tribal Law 278, 1997 WL 34678772 (1997), this court considered another appeal after the denial of a motion to suppress and stated that “since the police did not obtain a warrant the prosecutor must show that the search conducted by the police was a legal *288 exception to the warrant requirement.” This would indicate that the prosecutor bears the burden of proof during a suppression hearing when the police did not obtain a warrant. However, this precise issue was not presented on appeal and the court did not analyze the origins of this rule. Therefore, we are not precluded from analyzing this issue in this case because of the doctrine of stare decisis.
The burden of proof in any case is really composed of two distinct elements: 1) the burden of production; and 2) the burden of persuasion. The burden of production refers to which party must produce evidence. The burden of persuasion refers to which party must convince the trier of fact regarding the truth of the matter. These burdens are usually on the same party, but that is not inevitably trae.
In other jurisdictions, the general rule regarding the burden of persuasion and the burden of production in a motion to suppress creates a distinction between those situations involving a warrant and those where no warrant was issued. As a noted commentator has explained “[w]ith respect to the issue which is usually central in a motion to suppress hearing—the reasonableness of the challenged search or seizure—most states follow the rule which is utilized in the federal courts: if the search or seizure was pursuant to a warrant, the defendant has the burden of proof, but if the police acted without a warrant the burden of proof is on the prosecution.” 5 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 11.2(b) (3d ed. 1996). This dichotomy is normally justified on the grounds that: (1) the warrant represents an independent determination of probable cause by a magistrate that gives rise to a presumption of legality; (2) without a warrant, the facts surrounding the search or seizure are usually within the knowledge and control of the arresting agencies; and (3) without the rule, there is little reason to obtain a warrant.
However, this rule has not been universally adopted. At least three states always place both burdens on the prosecution. See, e.g., People v. Hoskins, 101 I11.2d 209, 78 Ill.Dec. 107, 461 N.E.2d 941 (1984). The reason usually advanced for this rule is that the state is the party seeking to use the evidence and ought to bear the burden of proving that it was lawfully obtained. At least one state places the burden of production on the prosecutor and the burden of persuasion on the defendant. See, e.g., People v. Whi-tehurst, 25 N.Y.2d 389, 306 N.Y.S.2d 673, 254 N.E.2d 905 (1969). This forces the prosecutor to produce the evidence that is usually more available to the police and forces the defendant to persuade the court that probative evidence should be excluded. At least one jurisdiction has placed the burden of persuasion on the prosecutor and the burden of production on the defendant. See, e.g., United States v. Mueller, 902 F.2d 336 (5th Cir.1990). Finally, some jurisdictions always plaee both burdens on the defendant. See, e.g., State v. McKenzie, 186 Mont. 481, 608 P.2d 428 (1980). At least four states have moved away from this position and accepted one of the other standards, but it is still utilized by at least one state. The rationale for placing both burdens on the defendant is that the burden is on the moving party, there is a presumption of regularity attending the actions of law enforcement officials, the general rule that relevant evidence is admissible, and to deter spurious allegations wasteful of court time. However, this allocation plaees the defendant in a most disadvantageous position because it is difficult for a defendant to prove the illegality of *289 the search until he knows on what the government relies to establish its legality.
This court must determine which allocation of the burden of proof comports with Hopi public policy. The trial court cited In the Matter of SS, 95JC000030, a juvenile matter, for the proposition that “the burden rests with the moving party to support his motion by proof.” While this is the general rule, and this opinion casts no doubt upon its continuing validity, motions to suppress evidence are fundamentally different from most other motions.
In general, the burden of proof is allocated to one party or the other for reasons of convenience, fairness, and policy. During a motion to suppress evidence, these factors weigh heavily in favor of allocating both the burden of production and the burden of persuasion upon the prosecutor when the police did not obtain a warrant. In terms of fairness, it is unreasonable to expect the defendant to be able to produce evidence regarding the validity of the stop. The reasons for the stop and other information are more readily available to the police officers and the prosecutor. Moreover, in terms of policy, it is preferable for police officers to obtain a warrant whenever practical. The detached magistrate who issues the warrant will not be influenced by the same motives that may influence the police and will not be as involved in the investigation. A rule that places the burden of proof upon the prosecutor in the absence of a warrant and the burden of proof on the defendant when the police did obtain a warrant will further this policy. Finally, the convenience factor is neutral in this analysis. As long as it is clear which party has the burden of proof, the facts will be developed and the court will be able to determine whether the evidence was obtained illegally. Therefore, these factors weigh in favor of placing both the burden of production and the burden of persuasion on the prosecutor to establish the legality of the search when the police have obtained evidence without a warrant. In short, we adopt the majoiity rule that the prosecutor bears both the burden of production and the burden of persuasion when the police failed to obtain a warrant and that the defendant bears the burden of production and the burden of persuasion when the police did obtain a warrant.
However, this does not end our inquiry. It is also appropriate to consider the proper burden of persuasion during a motion to suppress. The general rule is that the party with the burden of persuasion must convince the court by a preponderance of the evidence. See, e.g., Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); United. States v. Mat-lock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); State v. Edwards, 98 Wis.2d 367, 297 N.W.2d 12 (1980). In determining the appropriate burden of persuasion, it is important to balance the public’s privacy interest with the necessity for efficient and effective law enforcement. The majority rule is justified because: (1) it is inappropriate to deter police from making arrests and searches where they can subsequently only establish by a preponderance of the evidence that they acted properly and (2) it would be difficult for police to both respond quickly and compile all the necessary evidence to prove that the action was justified beyond a reasonable doubt. For these reasons, the party bearing the burden of persuasion must convince the court by the preponderance of the evidence.
In this case, the police did not obtain a warrant. Therefore, both the burden of production and the burden of persuasion should have been allocated to the prosecutor. This means that the prosecutor should have been required to prove by a *290 preponderance of the evidence that the police had sufficient justification to stop Randolph’s car. Even assuming that the police had sufficient justification to stop Randolph’s car, the prosecutor must also prove by a preponderance of the evidence that the police satisfied an exception to the warrant requirement before searching Randolph’s car. Because the trial court did not allocate the burden of production and the burden of persuasion to the prosecutor, this case must be remanded to the trial court for further proceedings consistent with this opinion.

ORDER OF THE COURT

For the foregoing reasons, Randolph’s conviction is REVERSED and this case is REMANDED to the Tribal Court to for a new suppression hearing with proper burdens applied.

. This factual background is derived from the transcript of the suppression hearing and the parties' briefs. As will be explained the trial court did not make any factual findings. Nothing in this opinion precludes the parties from disputing these facts on remand.

. Brief of Appellant at 3:2-3.

. Reporter's Transcript (hereinafter “R.T.”) at 6:7 to 7:3.

. R.T. at 10:23 to 11:10

. R.T. at 39:21 to 40:6,

. R.T. at 11:8-10.

. R.T. at 11:1-2.

. R.T. at 22:23 to 23:15.

. R.T. at 13:2-4.

. R.T. at 24:2-4.

. R.T. at 13:13-22.

. R.T. 13:23 to 14:10.

. R.T. at 14:12.

. R.T. at 14:17-18.

. R.T. at 14:22.

. R.T. at 27:20-21.

. R.T. at 14:25 to 15:1.

. R.T. at 15:2-6.

. R.T. at 15:4-11.

. R.T. at 15:8-14.

. R.T. at 31:4-7.

. R.T. at 31:8-11.

. R.T. at 16:3-6.

. Hopi Ordinance 21 § 2.7.7 provides:
2.7.7 MOTION TO SUPPRESS EVIDENCE. A defendant has the right to file with the Trial Court a motion to suppress evidence which he contends has been obtained from him in an unlawful manner. The evidence in question may be a tangible item or an intangible item. If the Trial Court is satisfied that the evidence has been unlawfully obtained, it shall order the evidence suppressed. If the Trial Court decides that the evidence was lawfully obtained, it may be used against the defendant.
Hopi Ordinance 21 § 2.7.7.

. Hopi Ordinance 21 § 2.4.8 provides:
2.4.8 INADMISSIBLE EVIDENCE. All evidence unlawfully obtained shall be inadmissible.
Hopi Ordinance 21 § 2.4.8.

. See Decision and Order of 4/19/96.

. Id.

. See Motion to Reconsider.

. See Response to Defendant’s Motion to Reconsider.

. See Order of 6/12/96.

. See Plea Agreement of 10/22/96.

. See Judgment Order of 10/28/96.

. See id.

. See Decision and Order dated 4/19/96.