732

## SEYMOUR v. UNITED STATES.
### No. 10130.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 3, 1949.

Decided Oct. 24, 1949.

Mr. M. Edward Buckley, Jr., Washington, D. C., for appellant.

Mr. Joseph M. Howard, Assistant United States Attorney, Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and A. J. McLaughlin, Assistant United States Attorney, Washington, D. C., were on the brief, for appellee.

Mr. Lo Clark Ewing, Assistant United States Attorney, Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, PRETTYMAN, and PROCTOR, Circuit Judges.

PER CURIAM.

■ Appellant has been convicted of keeping a bawdy house. Her chief contention is that the warrant on which she was arrested was obtained without probable cause in violation of the Fourth Amendment, so that the arrest was unlawful and the evidence it uncovered should have been excluded. We think there was plenty of probable cause, partly in what the officers who swore out the warrant had observed and partly in what other persons had told them. "Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162 [45 S.Ct. 280, 288, 69 L.Ed. 543, 39 A.L.R. 790]." Brinegar v. United States, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 1310; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407; Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151. It follows that language in Grau v. United States, 287 U.S. 124, 128, 53 S.Ct. 38, 77 L.Ed. 212, which seems to imply that probable cause may not consist partly of hearsay, cannot have been so intended.

■ The warrant, issued April 6, 1948, commanded the officers to arrest appellant "forthwith." They tried to serve it promptly but were told that appellant was out of town. They succeeded in serving it April 12. In the absence of any showing of prejudice to appellant, we think there was sufficient compliance with the warrant. "Forthwith" is here equivalent to " * * * within a reasonable time; promptly and with reasonable dispatch." Webster's New International Dictionary (1946). Since the meaning of words varies with their context, cases dealing with the duty of an arresting officer to take his prisoner "forthwith" before a committing magistrate are not in point.

Affirmed.