**James Edward CURTIS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5016.**

District of Columbia Court of Appeals.

Argued Dec. 8, 1969.

Decided April 7, 1970.

---

Larry J. Ritchie, Wheaton, Md., appointed by this court, for appellant.

Robert C. Crimmins, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

KELLY, Associate Judge:

Pursuant to a search warrant issued February 19, 1969 directing a search of Apartment 103, 1212 Mapleview Place, S. E., five police officers went to the premises about 11:15 p. m. on the night of February 27th, gained entrance to the apartment building by opening the outer security door with a key obtained for this purpose, proceeded to Apartment 103, knocked and announced their authority and purpose, and receiving no reply, broke in the door. Several of the officers proceeded to the bedroom where, in their testimony, they found appellant out of bed with his hands under the mattress. In response to appellant's inquiry, the officers said they were looking for marijuana and narcotics; they then looked under the mattress and found a pistol. They also found a water pipe[1] on top of the dresser in the bedroom. Appellant's testimony, corroborated by a woman who shared his apartment and, at the time, shared his bed, was that there was no pistol under the mattress or elsewhere in the apartment. He testified that he first saw a pistol after his arrival at police headquarters when the police produced it from a cabinet after he refused to cooperate with them. A male friend testified that he saw the police with the pistol outside of the apartment prior to appellant's arrest.

Appellant was convicted of unlawful possession of a pistol after conviction of a felony.[2] On appeal, he protests the denial of his motion to suppress, principally on the ground of an unreasonable delay be-

---

1. The water pipe (or water bowl), which may be used for smoking marijuana or hashish to strengthen their effect, contained crushed marijuana seed particles in the bowl and had marijuana resin on it.

2. D.C.Code 1967, § 22–3203. At the close of the Government's case the court granted appellant's motion to dismiss the charge of possession of implements of crime, D.C.Code 1967, § 22–3601.

tween the issuance and the execution of the search warrant.[3]

■ By statute, a search warrant must command a search "forthwith" and must be executed within ten days.[4] The "forthwith" requirement is to insure that the probable cause existing when the warrant issued also exists when it is executed.[5] The question is whether the execution of the warrant at any time during the ten-day period meets the requirement that the search be made "forthwith". In one case, Seymour v. United States, 85 U.S.App.D.C. 366, 177 F.2d 732 (1949), where the warrant was executed six days after it issued, the court found sufficient compliance with the warrant, suggesting the absence of a showing of prejudice, and saying that " 'Forthwith' is here equivalent to ' * * * within a reasonable time; promptly and with reasonable dispatch.' " In another, House v. United States, 134 U.S.App.D.C. 10, 411 F.2d 725 (1969), where eight days elapsed, the court remanded for an evidentiary hearing to determine the circumstances of the delay and the possible prejudice to the defendant. In so doing, it said that[6]

> Certainly the outer limits of the period within which the search warrant may validly be executed and returned are delineated in [§ 33–414(i)]. And the plain intimation that "forthwith" means something may be perceived from what we said in Seymour, supra; reasonableness in point of time under the circumstances may provide the key. It would seem that there is no automatic touchstone, indeed sufficient compliance with the [statute] may turn upon a showing of

prejudice by the accused * * *. (Citations omitted)

■ The officer who obtained the warrant in this case, when asked the reason for the delay, said that he serves his warrants in order as he gets them, more or less, and that he took the instant warrant in sequence with the other police duties he had to perform. This sparse testimony hardly amounts to the requisite showing of "reasonableness in point of time", yet we do not remand the case for further hearing for, as *House* suggests, whether or not there was sufficient compliance with the statute may turn on a showing of prejudice. We take this language to mean that even assuming an unreasonable time lag in the execution of the warrant, there must, in addition, be a showing of measurable prejudice to appellant resulting from the delay. No such showing was made in this case, although appellant was not precluded by the trial court from demonstrating the prejudicial effect of delay in execution of the warrant.[7]

■ Appellant argues that the delay is prejudicial as a matter of law, but we have held that delay, standing alone, does not vitiate the warrant. Johnson v. United States, D.C.App., 255 A.2d 494 (1969). Appellant points to the fact that a pistol was seized rather than heroin or marijuana as being prejudicial. In our judgment, however, it was not unreasonable for the officers to seize a weapon which, as a convicted felon, appellant was forbidden to possess, incidental to an authorized search for narcotics absent any evidence that the presence of the pistol on the premises was

3. We have examined appellant's other claims of error and find them without merit.

4. D.C.Code 1967, § 33–414(e), § 33–414(i); Johnson v. United States, D.C.App., 255 A.2d 494, 495 (1969).

5. Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); Mitchell v. United States, 103 U.S.App.D.C. 341, 258 F.2d 435 (1958) (concurring opinion).

6. 411 F.2d at 728.

7. Appellant was consistent in his testimony both at the motion to suppress and at trial, that there was no pistol in the apartment and that he was framed by the police because of his refusal to cooperate with them.

attributable to the delay.[8]  Moreover, under the circumstances of this case, the officers necessarily had to take possession of the weapon for their own safety.

Accordingly, the judgment of conviction is

'Affirmed.

---

8.  Cf. Spinelli v. United States, 382 F.2d 871, 886 (8th Cir. 1967), rev'd on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).