**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Gloria Jean NEPSTEAD and John Edward Ash, Defendants-Appellees.**

**No. 25005.**

United States Court of Appeals,
Ninth Circuit.

April 1, 1970.

Rehearing Denied May 8, 1970.

F. Steele Langford (argued), Asst. U. S. Atty., James L. Browning, U. S. Atty., San Francisco, Cal., for plaintiff-appellant.

Michael Stepanian (argued), San Francisco, Cal., for defendants-appellees.

Before HAMLEY, MERRILL and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

On the morning of August 22, 1968, federal narcotics agents, executing a search warrant issued six days earlier, entered a house in San Francisco and seized laboratory equipment and chemicals used to manufacture d-Lysergic acid diethylamide, commonly known as LSD. Incident to the search three individuals on the premises were arrested. One of those persons, Gloria Jean Nepstead, was subsequently indicted together with John Edward Ash (who was not on the premises at the time of the search), the indictment charging both with unlawful manufacture of LSD,[1] unlawful conspiracy to manufacture LSD,[2] and failing to register their manufacturing establishment with the Secretary of Health, Education and Welfare.[3]

Defendants moved to suppress the evidence seized, asserting that the agents executing the warrant had failed to abide by the "forthwith" requirement of Rule 41(c), F.R.Crim.P.,[4] although the warrant had been returned within 10 days as required in subsection (d) of that Rule.[5] The district court granted the motion and the government appeals under 18 U. S.C. § 3731. We reverse.

The warrant upon which the search was based directed the agents to "search forthwith" the house during the daytime to seize the property described in the warrant. Following seizure of the property, the agents were commanded to prepare an inventory and bring the property before the commissioner within ten days of the date of issuance.

At the hearing on the motion to suppress the agent failed to state explicitly why there was a six-day delay between the issuance of the search warrant and its execution. However, it is fair to conclude, as did the district court, that the delay was the reasoned decision of the agent to withhold execution until some activity occurred on the premises to indicate that manufacturing of LSD was then in progress.

The agent testified that the house was checked daily for signs of activity. On the afternoon of the fifth day following issuance of the warrant, no activity having been observed up until that time, agents received word from an informant that manufacturing was to occur that evening. After seeing activity in the house throughout the night, agents executed the warrant at 6:45 a. m. the next morning, seizing chemicals and equipment, the latter items shown by chemical analysis to contain residue of LSD.

On appeal the government justifies the delay in execution by asserting that any execution within ten days meets the command that it be executed "forthwith." However, to ascribe that meaning to "forthwith" would eliminate whatever intent the authors of Rule 41 had in adding that command to subsection (c), a step which we should not take lightly. Hence, we adopt the view of every court that has been directly presented with the

---

1. 21 U.S.C. § 331(q) (1); 21 C.F.R. § 166.3(c) (1) (1968).

2. 18 U.S.C. § 371.

3. 21 U.S.C. § 360(b) and § 331(b).

4. Rule 41(c), F.R.Crim.P., provides: "[The search warrant] shall command the officer to search forthwith the person or place named for the property specified."

5. Rule 41(d), F.R.Crim.P., provides: "The warrant may be executed and returned only within 10 days after its date."

problem and hold that the ten-day period merely sets the maximum under the Rule, and the requirement of execution "forthwith," depending on the circumstances of each case, may require execution in something less than ten days. House v. United States, 411 F.2d 725, 728 (D.C. Cir. 1969); Spinelli v. United States, 382 F. 2d 871, 885 (8th Cir. 1967); rev'd on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). *Cf.*, Seymour v. United States, 85 U.S.App.D.C. 366, 177 F.2d 732 (1949). *But see*, Mitchell v. United States, 103 U.S.App.D.C. 341, 258 F.2d 435, 436 (1958) (dictum).

The meaning to be ascribed to the phrase "execute forthwith" has been a subject of some controversy among the circuits. Compare United States v. Dunnings, 425 F.2d 836 (2d Cir. 1969), with Spinelli v. United States, *supra*. While it is desirable that police be given reasonable latitude to determine when a warrant should be executed, it is also necessary that search warrants be executed with some promptness in order to lessen the possibility that the facts upon which probable cause was initially based do not become dissipated.

We adopt the reasoning of the Second Circuit in *Dunnings* to the effect that "forthwith" means any time within 10 days after the warrant is issued, provided that the probable cause recited in the affidavit continues until the time of execution, giving consideration to the intervening knowledge of the officers and the passage of time. Such a rule does not do violence to either objective behind Rule 41(c) and (d) because the officers are given reasonable latitude in executing the warrant and the person with standing to suppress the evidence seized is assured that the search is not made on something less than probable cause.

■■ In the case before us, nothing, other than the passage of time, occurred during the six-day period between issuance and execution of the search warrant which changed the facts upon which the original affidavit was based and which gave the agents probable cause to believe that articles subject to seizure were in the house. And, on the facts before us, the passage of time could not detract from probable cause because the house was kept under surveillance for signs of activity. The fact that the delay resulted in the arrest of the persons present and the seizure of the equipment while they were being used for their intended purpose is not the type of prejudice which defendants may assert in a motion to suppress. *See* United States v. Dunnings, *supra*.

The order granting appellee's motion to suppress is vacated and the cause remanded to the district court for further proceedings.