**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Ronald WILSON, Defendant-Appellee.**

**No. 73–1869.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 14, 1973.

Decided Feb. 14, 1974.

Peter J. Kelley, Asst. U. S. Atty., for plaintiff-appellant; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

Kenneth M. Mogill, Detroit, Mich., for defendant-appellee; Cornelius Pitts, Detroit, Mich. on brief; Kenneth M. Mogill, Detroit, Mich., of counsel.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

In this case the government appeals from an order by the United States District Court for the Eastern District of Michigan, Southern Division, granting defendant's suppression motion pertaining to evidence seized under a search warrant. It was defendant's contention (and the District Judge agreed) that the execution of the search warrant was faulty in that it was served six days after it was issued.

At the time involved in this case, the applicable rule, Federal Rules of Criminal Procedure 41(c) and (d), contained a ten-day limit in relation to service, but also provided that the search warrant should be executed "forthwith." On October 1, 1972, after the events with which we are concerned here, Rule 41 was amended so as to omit the word "forthwith."

Various Courts of Appeals had previously interpreted the rule as allowing for somewhat delayed service within ten days. *See, e. g.,* United States v. Rael, 467 F.2d 333 (10th Cir. 1972) (five-day delay caused by lack of sufficient per-

sonnel); United States v. Harper, 450 F.2d 1032 (5th Cir. 1971) (nine-day delay resulting from a desire to arrest accomplices); United States v. Dunnings, 425 F.2d 836 (2d Cir. 1969), cert. denied, 397 U.S. 1002, 90 S.Ct. 1149, 25 L.Ed.2d 412 (1970) (nine-day delay resulting from a desire to arrest defendant); United States v. Nepstead, 424 F.2d 269 (9th Cir.), cert. denied, 400 U.S. 848, 91 S.Ct. 50, 27 L.Ed.2d 86 (1970) (six-day delay caused by desire to wait until illicit drugs were actually manufactured); United States v. McClard, 333 F.Supp. 158 (E.D.Ark.1971), aff'd, 462 F.2d 488 (8th Cir.), cert. denied, 409 U.S. 988, 93 S.Ct. 345, 34 L.Ed.2d 255 (1972) (delay of six days caused by weather and dispersal of force). The better reasoned of these cases appear to us to have allowed some delay where the cause or causes of the delay could appropriately be held to be "reasonable." United States v. Harper, 450 F.2d 1032 (5th Cir. 1971); United States v. Dunnings, 425 F.2d 836 (2d Cir. 1969), cert. denied, 397 U.S. 1002, 90 S.Ct. 1149, 25 L.Ed.2d 412 (1970).

In our instant case the government's rationale for the delayed service was that the informant who had made the purchase would have been endangered by service of the search warrant immediately on the heels of the purchase, that the agent wanted to wait until he had reason to know that a larger amount of heroin was likely to be present, and that in any event, he had ten days in which he could do it at his discretion. The appellee argues that the word "forthwith" means immediately or at least as soon as physically possible. This reasoning, however, does not take into account the fact that the rule does contain a ten-day limit and, as noted above, has been interpreted as allowing for some delay where good reason for it is shown.

Since the rule has been changed so as to give the Magistrate who issues the warrant the responsibility for designating the time for service "within a specified period of time not to exceed 10 days," Fed.R.Crim.P. 41(c), this case has little precedential value. As to this case we follow what we have described as the better reasoned of the cases above.

Evidence showed that the informant in this case had made a buy on the same day when the warrant was issued. The agent in charge of the case testified that in such a circumstance, he delayed the service of the warrant to conceal the identity of the informant, unless the government was going to take special measures to protect the informant.

■■ We believe that protection of the informant did constitute reasonable grounds for the delay in this case, and that the finding to the contrary was clearly erroneous. We also believe that there was continuing probable cause on the date of the search and that the motion to suppress should have been denied.

The judgment of the District Court is reversed.