2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome RUDDELL, Defendant-Appellant.
 No. 92-10451.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 5, 1993.
 
 Before: BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerome Ruddell appeals his conviction, following a conditional guilty plea, for receiving child pornography in violation of 18 U.S.C. Sec. 2252(a)(2). Ruddell contends, among other things, that section 2252 is facially unconstitutional in light of our decision in United States v. X-Citement Video, Inc., 982 F.2d 1285 (9th Cir.1992).[1] We review de novo, see United States v. Martinez, 967 F.2d 1343, 1348 (9th Cir.1992), and reverse.
 
 
 3
 We recently held that section 2252 is facially unconstitutional because it does not require knowledge of the minority of the performers as an element of the crime. See X-Citement Video, 982 F.2d at 1292-93. The government urges this panel to reconsider X-Citement Video. We decline this suggestion, however, because " 'a panel not sitting en banc has no authority to overturn Ninth Circuit precedent.' " United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992) (quoting United States v. Aguilar, 883 F.2d 662, 690 n. 25 (9th Cir.1989), cert. denied, 111 S.Ct. 751 (1991)). Therefore, Ruddell's conviction must be reversed. See id.[2]
 
 
 4
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Ruddell's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Ruddell failed to present this argument to the district court, a jurisdictional challenge may be raised at any point during the proceedings. Rosenfeld v. United States, 859 F.2d 717, 723 (9th Cir.1988)
 
 
 [2]
 In light of our holding, we do not reach Ruddell's remaining arguments