8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David A. FLOREA, Plaintiff-Appellant,
v.
CLARK COUNTY, WASHINGTON; Gary Lucas, Sheriff of Clark
County, Washington; Timothy Spooner; John Does,
1-3, Defendants-Appellees.
 No. 92-37022.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Sept. 29, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David A. Florea appeals pro se the district court's summary judgment for Clark County, Washington and other defendants in Florea's action alleging civil rights and state tort law violations resulting from a search pursuant to a warrant of his residence by Clark County officials. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 4
 Florea contends that the district court erred by finding that Florea's civil rights, trespass, and negligence claims were without legal basis. Florea's claims were based on defendants' execution of a search warrant on his residence three hours after the time limit stated in the warrant had expired. Florea also appears to contend that the district court erred by dismissing Florea's pendent state law conversion claim. These contentions lack merit.
 
 
 5
 As the district court correctly noted, the success of Florea's civil rights, trespass, and negligence claims turned on the validity of the search warrant executed on Florea's residence. Under Washington state court Criminal Rules for Courts of Limited Jurisdiction, a search warrant must be executed "within a specified period of time not to exceed ten days." Wa R.Cr.Ltd Juris. 2.3(c). "Absent prejudice to the defendant, procedural noncompliance with rules of execution and return does not compel invalidation of a warrant or suppression of its fruits." Id. at 2.3(g); see also United States v. Nepstead, 424 F.2d 269, 271 (9th Cir.), (a search conducted after the time limit stated on a warrant but within the ten-day period prescribed by Fed.R.Crim.P. 41(c) is valid "provided that the probable cause recited in the affidavit continues until the time of execution, giving consideration to the intervening knowledge of the officers and the passage of time"), cert. denied, 400 U.S. 848 (1970)
 
 
 6
 Here, Deputy Sheriff Timothy Spooner submitted the affidavit upon which the warrant to search Florea's residence was issued. Spooner stated that certain stolen property was present within Florea's residence. The warrant was issued at 9:07 a.m. on November 17, 1989 and provided that it was to be executed within 72 hours. The warrant was not executed until 11:43 a.m. on November 20, 1989, approximately 75 hours after it was issued. There is no evidence in the record, nor does Florea allege, that despite the approximately three hour delay in the warrant's execution, probable cause in support of the warrant did not exist at the time of its execution. See Wa R.Cr.Ltd.Juris. 2.3(g); Nepstead, 424 F.2d at 271. Nor does Florea demonstrate any prejudice resulting from the delay. See Wa R.Cr.Ltd.Juris. 2.3(g). Accordingly, because the warrant was valid at the time it was executed, the district court did not err by granting summary judgment for defendants on Florea's civil rights, trespass, and negligence claims.
 
 
 7
 Pursuant to 28 U.S.C. § 1367(c), the district court declined to exercise jurisdiction over Florea's pendent state law conversion claim. The district court did not abuse its discretion by dismissing this claim. See Jones v. Community Redevelopment Agency, 733 F.2d 646, 651 (9th Cir.1984).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3