**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerome RUDDELL, Defendant–Appellant.**

**No. 92–10451.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 16, 1995.*

Decided December 4, 1995.

Kristine K. Smith, Assistant Federal Public Defender, Reno, Nevada, for defendant-appellant.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

Daniel C. Stark, Trial Attorney, Washington, DC, for plaintiff-appellee.

Before: Betty B. FLETCHER, Cecil F. POOLE, and Diarmuid F. O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We must decide whether a magistrate judge properly issued an anticipatory search warrant conditioned upon the controlled delivery of contraband.

I

On March 6, 1991, Ruddell wrote to an "adult" bookstore inquiring about obtaining videotapes of minors engaged in sexually explicit conduct. The bookstore informed the United States Postal Inspection Service of Ruddell's interest in child pornography. On April 3, an undercover United States postal inspector wrote to Ruddell and requested more information regarding his interest in child pornography. Upon receiving Ruddell's response, the postal inspector sent Ruddell a list of five videotapes which depicted minors engaged in sexually explicit conduct. Ruddell subsequently ordered a videotape entitled "Little Ones in Love" and enclosed a $60 money order as payment.

On May 28, United States Postal Inspector Karyn Lefebvre filed an affidavit with a magistrate judge in support of an application for a search warrant of Ruddell's premises. In her affidavit, Inspector Lefebvre stated that: (1) she had received extensive training in the area of sexual exploitation of minors; (2) she had been informed that Ruddell had ordered "Little Ones in Love," which depicted minors engaged in sexually explicit conduct; and (3)

she had a copy of "Little Ones in Love" and intended to deliver it to Ruddell's home. Inspector Lefebvre also stated that she had been advised by an Assistant United States Attorney that such a controlled delivery provides sufficient probable cause for the issuance and execution of a search warrant which the magistrate judge then authorized. Inspector Lefebvre subsequently executed a "controlled delivery" of the videotape to Ruddell's residence. Fifteen minutes after the delivery, Inspector Lefebvre initiated the search of Ruddell's residence, and the executing officers seized the videotape.

On December 18, 1991, Ruddell was indicted by a federal grand jury on one count of knowingly receiving a videotape depicting a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2).[1]

Ruddell filed a motion to suppress, asserting that all evidence seized as a result of execution of the search warrant on his premises should be suppressed because the postal inspector had obtained an "anticipatory" search warrant before the pornography had been delivered to his home. Ruddell also argued that Inspector Lefebvre had misled the magistrate judge when she stated that the videotape depicted minors engaged in sexually explicit conduct. A second magistrate judge issued a Report and Recommendation on the motion to suppress, concluding that: (1) there was probable cause to issue the warrant; (2) the warrant was anticipatory, but Inspector Lefebvre understood its conditional nature and did not execute the warrant until the videotape had been delivered to Ruddell's home; and (3) the warrant did not contain materially false statements. The district court reviewed Ruddell's motion to suppress, concluding that Ruddell's objections were "completely meritless," and adopted the magistrate judge's recommendation.

---

**1.** 18 U.S.C. § 2252(a)(2) provides:

  (a) Any person who—

    .      .      .      .

  (2) knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distri-

bution in interstate or foreign commerce by any means including by computer or through the mails, if—

  (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

  (B) such visual depiction is of such conduct[]

  ... shall be fined under this title or imprisoned not more than ten years, or both.

Ruddell subsequently pled guilty as charged, but reserved the right to appeal the district court's denial of the motion to suppress, pursuant to Fed.R.Crim.P. 11(a)(2). On July 27, 1992, Ruddell was sentenced to twelve months and one day incarceration and fined $1000. He was granted release pending appeal.

Ruddell appealed. While Ruddell's appeal was pending, this court held that 18 U.S.C. § 2252 was unconstitutional for failing to apply a scienter requirement to elements of the crime concerning minority of performers and sexually explicit nature of the material. *United States v. X–Citement Video, Inc.*, 982 F.2d 1285 (9th Cir.1992). This court thereafter reversed Ruddell's conviction based on our decision in *X–Citement Video. United States v. Ruddell*, 2 F.3d 1159, 1993 WL 300610 (9th Cir.1993).

The United States petitioned the Supreme Court for Writ of Certiorari in both *X–Citement Video* and *Ruddell*. While the petition was pending in the instant case, the Supreme Court reversed this court's decision in *X–Citement Video*, and held that 18 U.S.C. § 2252 was constitutional. *United States v. X–Citement Video, Inc.*, 513 U.S. ——, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994). The Supreme Court subsequently granted certiorari in *Ruddell*, vacated this court's reversal of Ruddell's conviction, and remanded the case to this court for consideration of the remaining issues. *United States v. Ruddell*, —— U.S. ——, 115 S.Ct. 894, 130 L.Ed.2d 780 (1995). We now address those issues which we did not reach in Ruddell's first appeal.

## II

█ Ruddell argues that the district court erred in denying his motion to suppress the evidence obtained at his residence on May 28, 1991. He claims that the search warrant was defective because it was an unconstitutional anticipatory or prospective warrant.

█ An affidavit in support of an anticipatory search warrant must show that the property sought is on a sure course to the destination targeted for the search. *See United States v. Hale*, 784 F.2d 1465, 1468–69 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 110, 93 L.Ed.2d 59 (1986). "[A] controlled delivery pursuant to a warrant issued earlier is ... permissible." *Hale*, 784 F.2d at 1469.

Ruddell relies on *United States v. Hendricks*, 743 F.2d 653 (9th Cir.1984), *cert. denied*, 470 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed.2d 382 (1985), to assert that the affidavit in support of a warrant must establish that the item sought is on the premises at the time of the issuance of the warrant or that it is irrevocably en route. This court held in *Hendricks* that the controlled delivery of narcotics was insufficient to establish probable cause to search the defendant's house where the issuing magistrate judge could not establish a reasonable belief that the defendant would bring the contraband to his home. *Id.* at 655.

Ruddell's reliance on *Hendricks* is misplaced. In *Hendricks*, the evidence was not on a sure and irreversible course to the location named in the search warrant; instead, Hendricks was required to pick up the contraband personally at the post office. *See id.* at 653. Whether he would bring the contraband back to his residence was not at all certain. Here, the evidence was in the control of the Postal Inspector, who had explicitly described her plans to execute a controlled delivery to Ruddell's house in her affidavit in support of the warrant.

█ Ruddell also argues that the warrant's statement that, "[y]ou are hereby commanded to search forthwith the person named for the property specified ...," mistakenly authorized immediate execution of the search warrant. The district court concluded that, "[t]he fact that an anticipatory warrant contains the term 'forthwith' does not mean the issuing magistrate judge expected the warrant to be executed prior to the occurrence of a specified event." In *United States v. Nepstead*, 424 F.2d 269, 271 (9th Cir.), *cert. denied*, 400 U.S. 848, 91 S.Ct. 50, 27 L.Ed.2d 86 (1970), we held that "forthwith" execution of a warrant may mean up to ten days after issuance. Moreover, the language of the remainder of the warrant, which expressly conditions execution "upon the controlled delivery" of the videotape, belies the construction which Ruddell urges upon us,

and supports the district court's finding that the warrant was not to be executed until after delivery.

## III

■ Ruddell claims that the district court erred in not granting an evidentiary hearing on the validity of the search warrant pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). He contends that, as a result of material misrepresentations and errors in the affidavit, the search warrant is defective.

Ruddell claims that the postal inspector misled the magistrate judge into believing that the objective evidence known to her established that the videotape depicted minors. *Franks* requires that a defendant's allegations of falsehood be accompanied by an offer of proof, or a satisfactory explanation of the absence of such proof. 438 U.S. at 171, 98 S.Ct. at 2684. Ruddell, however, did not offer any evidence to contradict Inspector Lefebvre's affidavit, nor did he actually allege that Lefebvre's assertions regarding the "actors'" ages were false. The lack of an affidavit or sworn statement offering proof of deliberate falsehood, as required by *Franks,* is enough in itself to defeat Ruddell's demand for an evidentiary hearing. *See id.*

Beyond this, however, it is clear from a reading of the affidavit that the postal inspector states that she had "received extensive training in the area of sexual exploitation of minors," that she had reviewed all of the case files regarding the investigation, and that all relevant facts stated in the affidavit were based on her personal knowledge. Her expert declaration, therefore, that the video included "minor children engaged in sexually explicit conduct," is more than sufficient to rebut Ruddell's unsupported contentions. *Cf. United States v. Wiegand*, 812 F.2d 1239, 1243 (9th Cir.) (common sense is enough to tell the difference between a child and an adult for the purpose of defining child pornography), *cert. denied,* 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987). *Franks* demands that Ruddell demonstrate some intentional or reckless falsity, at a minimum, before a further inquiry is required. 438 U.S. at 171–72, 98 S.Ct. at 2684–85. Ruddell failed to meet this threshold requirement, and his request for an evidentiary hearing pursuant to *Franks* was properly denied.

AFFIRMED.