OPINION
SULT, Judge.
¶ 1 Arizona Revised Statutes (“A.R.S.”) § 13-3918(A) (2001) provides that a search warrant shall be void unless it is executed within five days after it is signed by the magistrate, although the magistrate may grant a five-day extension. The warrant in this case was executed more than five days after it was issued with no extension having been obtained, and the trial court declared it void. The State attempts to save the warrant by applying Rule 1.3(a), Arizona Rules of Criminal Procedure, which would exclude *329 from the calculation of days the weekend that intervened between the issuance and execution of the warrant. Because we find that the statutory time period constitutes a legislative presumption that the probable cause necessary to support a warrant will have dissipated after five consecutive calendar days, and because injecting a time-extending procedural rule into the calculation of days would contravene the legislature’s judgment in this regard, we reject the State’s attempt.
BACKGROUND
¶ 2 On Friday, May 16, 2003, a search warrant was issued for 2247 East Roosevelt, Apartment 3, in Phoenix, Arizona. The warrant was not executed until Thursday, May 22, and was returned to the magistrate the next day. During the search, officers seized various items of narcotics contraband. When confronted with the fruits of the search, the occupants, Defendants Francisco Miguel and Ignacio Tirado, confessed to ownership of the contraband.
¶ 3 Defendants were charged with possession of cocaine for sale, a class 2 felony, possession of methamphetamine for sale, a class 2 felony, and possession of cocaine, a class 4 felony. Defendants moved to suppress the contraband and confessions, arguing that the warrant was void when executed because execution occurred beyond the five days allowed by A.R.S. § 13-3918(A). The trial court agreed, ruling that the statute allowed five “calendar” days for execution of a warrant, not the five “business” days argued by the State, and granted Defendants’ motion.
ANALYSIS
¶ 4 A.R.S. § 13-3918(A) provides in pertinent part:
A search warrant shall be executed and returned to a magistrate within five days after its date. Upon expiration of that time, the warrant, unless it is executed or unless the time is extended by the magistrate, is void. The time for execution and return of the warrant may be extended for no longer than five days.
¶ 5 In this statute, the legislature provides no procedure for calculating the five-day period allotted for execution. Given that the law recognizes more than one method for determining the passage of time, this absence of legislative direction creates a latent ambiguity that we are tasked with clarifying. To accomplish this, we will bring to bear applicable interpretive tools, guided by the principle that we engage in the process of statutory construction independently, giving no deference to the lower court’s interpretation. State v. George, 206 Ariz. 436, 440, ¶ 6, 79 P.3d 1050, 1054 (App.2003). Our goal, of course, is to ascertain the calculation method the legislature had in mind when it imposed the five-day limitation period — five calendar days or five business days. Hayes v. Continental Insurance Co., 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994).
¶ 6 We begin with the State’s rationale for arguing that a business days calculation excluding intervening weekends and holidays correctly reflects legislative intent. The State first cites A.R.S. § 13-102(A) (2001) which provides:
Except as otherwise provided by law, the procedure governing the accusation, prosecution, conviction and punishment of offenders and offenses is not regulated by this title but by the rules of criminal procedure.
According to the State, the mechanics of issuance, execution, and return of a search warrant are included in the processes described in this statute, with the result that the Arizona Rules of Criminal Procedure apply to A.R.S. § 13-3918(A). Specifically, the State asserts that the time-extending provision of Rule 1.3(a), which excludes weekends and holidays from the computation of any time period less than seven days, renders the execution of this warrant timely because a weekend intervened between its Friday issuance and Thursday execution.
¶ 7 The State next cites several Arizona eases that illustrate how a statutorily prescribed period can be extended by applying a time-extending procedural rule. For example, Upton v. Cochise County Board of Adjustment, 121 Ariz. 238, 239, 589 P.2d 481, 482 (App.1979), held that Rule 6(a) of the *330 Rules of Civil Procedure applied to A.R.S. § 11-807 so as to extend the thirty-day period for appealing a board of adjustment decision to superior court when the thirtieth day fell on a Saturday. Thielking v. Kirschner, 176 Ariz. 154, 160, 859 P.2d 777, 783 (App.1993), held that Rule 6(e) of the civil rules applied to A.R.S. § 12-904 to extend the time for filing a complaint for judicial review of an administrative decision when the decision had been served by mail.
¶ 8 The State acknowledges, however, that not every statutory time period should be made subject to time-extending rules. For example, our supreme court in Bedard v. Gonzales, 120 Ariz. 19, 20, 583 P.2d 906, 907 (1978), held that Rule 6(a) had no application to the time requirements for challenging the nomination petitions of candidates for elective office. We reached a similar result in State v. Cabrera, 202 Ariz. 296, 299-300, ¶ 14, 44 P.3d 174, 177-78 (App.2002), where we declined to apply either Rule 6(a) of the civil rules or Rule 1.3(a) of the criminal rules to extend the fifteen-day period for requesting the administrative review that is available under A.R.S. § 28-1385 to a driver served with an order of license suspension.
¶ 9 In considering the State’s argument, what guidance can we derive from these cases? Their principal teaching is that examining statutory subject matter to determine how legislatively created time periods should be treated is usually a fruitful endeav- or because we often discover salient clues to the legislature’s objective in creating time periods. Hayes, 178 Ariz. at 268, 872 P.2d at 672. With our particular statute, once we have identified the legislature’s objective in imposing a five-day limitation on warrant execution, we can determine whether that objective would be advanced or undermined by application of a time-extending rule. We therefore turn our attention to search warrants, the subject matter of A.R.S. § 13-3918(A).
¶ 10 Search warrants are governed by the Fourth Amendment which protects “[t]he right of the people to be secure ... against unreasonable searches and seizures.” U.S. Const. amend. IV. The primary protection for this right is afforded by the Amendment’s requirement that a search warrant may issue only “upon probable cause.” Id. In our opinion, insuring the presence of the protective shield of probable cause at the time a warrant is executed was the objective the legislature sought to achieve when it imposed its five-day limitation.
¶ 11 To explain further, the legislature certainly understood that the probable cause that must support a search warrant will, by its nature, have a limited shelf life. Unlike arrest warrants that are authorized based on completed past events, search warrants are based on events that are ongoing, and therefore changeable, as of the time the warrant is issued. Sgro v. United States, 287 U.S. 206, 210, 53 S.Ct. 138, 77 L.Ed. 260 (1932). The information underlying the warrant may grow stale with time as the activity upon which the warrant was based ceases or moves to another location. Although law enforcement officers must be given reasonable latitude in deciding when to execute a search warrant, the warrant must be executed with some promptness “in order to lessen the possibility that the facts upon which probable cause was initially based do not become dissipated.” United States v. Nep-stead, 424 F.2d 269, 271 (9th Cir.1970). In A.R.S. § 13-3918(A), our legislature answers this problem of dissipating probable cause by presuming that probable cause no longer exists after five days.
¶ 12 This reading of legislative purpose is buttressed by reference to Sgro v. United States in which the United States Supreme Court construed the National Prohibition Act’s authorization for law enforcement agents to obtain warrants to search for intoxicating liquor. 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260. The Act provided that any such warrant must be executed and returned within ten days of its date of issuance or it would be void. Id. at 209-10, 53 S.Ct. 138. Agents obtained a warrant but failed to execute it within the prescribed ten-day period. Id. They returned to the issuing Commissioner three weeks later and the Commissioner simply changed the date of the old warrant and reissued it without requiring any additional evidence that probable cause still existed. Id. at 208, 53 S.Ct. 138.
*331 ¶ 13 The Court refused to approve this procedure, noting that the Fourth Amendment requires that facts constituting probable cause must be “so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.” Id. at 210, 53 S.Ct. 138. It is in light of this constitutionally required temporal proximity, the Court said, that “we must read the [statutory] provision which in explicit terms makes a warrant void unless executed within ten days after its date. That period marks the permitted duration of the proceeding in which the warrant is issued.” Id. at 211, 53 S.Ct. 138. In effect, the Court held that the probable cause that must exist when the warrant is issued must also exist when the warrant is executed, but its existence cannot be presumed beyond the period provided in the statute for execution.
¶ 14 We also find support for our interpretation in other jurisdictions. In California, the state from which we adopted A.R.S. § 13-3918(A), the statutory limitation period for execution of a warrant has been construed as having the purpose of insuring “that the showing of probable cause which supported issuance of a warrant will still exist at the time the warrant is executed.” People v. Schroeder, 96 Cal.App.3d 730, 158 Cal.Rptr. 220, 222 (App.1979).
¶ 15 In State v. Evans, 815 S.W.2d 503 (Tenn.1991), the Tennessee Supreme Court, after noting the general rule that probable cause must exist both at issuance and execution of a warrant, held that a defendant could challenge a warrant for lack of such cause at execution even though the warrant was executed within the statutory five-day period provided by Tennessee law. Id. at 504-05. The court held that the statutory presumption that probable cause would exist for five days was rebuttable, and a defendant should be afforded an opportunity to show that cause had dissipated within the five days and before the execution of the warrant. Id. at 505-06. Relevant to our discussion, the court added this caveat:
Execution of a warrant beyond the outer limits fixed by the statute renders the warrant impermissibly void, and in violation of the Fourth Amendment prohibition against unreasonable searches and seizures.
Id. at 506.
¶ 16 Now that our analysis has demonstrated that the five-day limitation on warrant execution was the legislature’s answer to the problem of dissipating probable cause, we can address the primary issue presented — did the legislature mean five business days or five calendar days? The State’s argument for business days relies on A.R.S. § 13-102(A) to justify applying Rule 1.3(a) to warrant executions. The State asserts that because a magistrate is a judicial officer, and because issuance and return of a warrant pursuant to A.R.S. § 13-3918(A) involve a magistrate, this sufficiently implicates A.R.S. § 13-102(A) so as to justify applying the time-extending provisions of Rule 1.3(a) to the entirety of A.R.S. § 13-3918(A), including execution. The State’s argument falters however, because it does not explain the rationale underlying the time-extending function of Rule 1.3(a) nor attempt to persuade us that applying that rationale to warrant execution would not undermine the legislature’s attempt to guard against the dissipation of probable cause.
¶ 17 To evaluate the State’s argument, we must determine why Rule 1.3(a) was enacted. Our review of the jurisprudence on this subject discloses that excluding weekends and holidays for purposes of calculating a time period is based on an acknowledgment that government offices, including courts, are closed at such times. For example, in Frey v. Woodard, 748 F.2d 173, 175 (3d Cir.1984), the court stated that “[w]e all know ... that the clerks’ offices close on weekends, and Fed.R.Civ.P. 6(a) provides for the computation of time limits in a manner consistent with that reality.” Accord Chapman Investment Associates v. American Healthcare Management, 900 F.2d 827, 831 (5th Cir.1990); Cather v. Kelso, 103 Idaho 684, 652 P.2d 188, 192 (1982).
¶ 18 How, then, does the time-extending rationale underlying Rule 1.3(a) fit with the five-day period of A.R.S. § 13-3918(A)? We note that the statutory period encompasses both execution and return of a warrant. As far as the return process is concerned, the *332 State correctly notes that this process involves the magistrate, a judicial officer. Inasmuch as the magistrate is required to be available only during court hours, we agree that return of a warrant should be classified as an A.R.S. § 13-102(A) process subject to the time-extending procedural rule. California so construed its search warrant statute in People v. Stevenson, 62 Cal.App.3d 915, 133 Cal.Rptr. 406, 408 (App.1976), and we hereby follow suit.
¶ 19 Execution of a warrant, however, is something entirely different. As we have noted, the probable cause that justifies execution consists of activity that may change, evolve, or even cease to exist with the passage of time. Probable cause does not depend upon government offices being open, and it does not observe holidays or take weekends off. Consequently, we think it is clear that superimposing a time-extending provision on the legislature’s presumption of a five-day life span for probable cause would defeat, not advance, the legislature’s objective of insuring that probable cause exists at the execution of a warrant.
CONCLUSION
¶ 20 We decline the State’s invitation to find that the five-day period provided in A.R.S. § 13-3918(A) for execution of a search warrant means five business days. Rather, we find that the legislature intended that period to consist of five consecutive calendar days, and therefore hold in accordance with the specific language of the statute that if a warrant is not executed within five calendar days from its issuance, and no extension is obtained, it is void. Because the warrant in this case was not timely executed, we affirm the trial court’s suppression order.
CONCURRING: JEFFERSON L. LANKFORD, Presiding Judge, and JOHN C. GEMMILL, Judge.