**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 08-4520**

————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MARC A. BLIZZARD,

             Defendant - Appellant.

————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (3:07-cr-00367-RLW-1)

————————

Submitted:  January 30, 2009       Decided:  February 25, 2009

————————

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Mary K. Martin, Hopewell, Virginia, for Appellant. Chuck
Rosenberg, United States Attorney, Angela Mastandrea-Miller,
Assistant United States Attorney, Richmond, Virginia, for
Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a guilty plea, Marc A. Blizzard was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841 (2006). The district court sentenced Blizzard to 151 months in prison. Blizzard appeals, contending that the district court erred by denying his motion to suppress evidence because the search warrant was stale at its execution. Finding no error, we affirm.

Blizzard argues the search warrant was stale because the facts alleged in the affidavit in support of the warrant did not provide a basis to believe evidence of criminal activity would be found on the premises at the time of the warrant's execution. Blizzard further contends that the police did not justify an eight-day delay in executing the warrant.

This court reviews a district court's disposition of a motion to suppress de novo. United States v. Hurwitz, 459 F.3d 463, 470 (4th Cir. 2006). "A valid search warrant may issue only upon allegations of 'facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.'" United States v. McCall, 740 F.2d 1331, 1335-36 (4th Cir. 1984) (quoting Sgro v. United States, 287 U.S. 206, 210-11 (1932)). Stale search warrants arise in two

2

situations: (1) the government waited an extended period of time between the information provided and the execution of the warrant; and (2) the information supporting the search warrant was too old to provide "present" probable cause. McCall, 740 F.2d at 1336.

When a defendant challenges a warrant due to a delay between the warrant's issuance and its execution, a court "must decide whether a valid warrant became invalid due to the lapse of time." Id. The central question for the evaluating court to determine is whether the facts alleged in the warrant provided probable cause to believe that evidence of a crime was located on the premises, at the time of the search. Id. In determining staleness, a court must consider "all the facts and circumstances of the case," such as the nature of the alleged criminal activity, the duration of the activity, and the nature of the property to be seized. United States v. Farmer, 370 F.3d 435, 439 (4th Cir. 2004).

The warrant here authorized police to seize evidence of narcotics distribution, a crime often part of an ongoing enterprise rather than an isolated incident. See, e.g., United States v. Alvarez, 358 F.3d 1194, 1204 (9th Cir. 2004) (holding that information from one to three years before the issuance of the warrant did not render the warrant stale because the case involved an longstanding drug conspiracy); United States v.

Rhynes, 196 F.2d 207, 234 (4th Cir. 1999), vacated in part on other grounds, 218 F.3d 310 (4th Cir. 2000), (holding the warrant was not stale where the evidence sought pertained to drug trafficking). The ongoing nature of the crime, the location to be searched, and the recency of the information in the warrant suggested that probable cause was not diminished solely by the passage of eight days between the issuance of the warrant and its execution. See Farmer, 370 F.3d at 439 (upholding a warrant for a counterfeit clothing operation in part due to the extended nature of the operation). Thus, the district court did not err in denying the motion to suppress.

Blizzard additionally argues that the delay in the warrant's execution was unreasonable. Blizzard relies upon United States v. Wilson, 491 F.2d 724 (6th Cir. 1974), for the proposition that an unreasonable delay mandates suppression of the evidence discovered during the execution of the search warrant. The issue in Wilson hinged upon the wording of a previous version of Rule 41 of the Federal Rules of Criminal Procedure, which provided that the search warrant should be executed "forthwith." Id. at 724. By the time the Sixth Circuit Court of Appeals considered Wilson, the rule had been amended to omit the "forthwith" requirement, leading the court itself to note "this case has little precedential value."

4

Wilson, 491 F.2d at 725. Therefore, we conclude that the reasoning in Wilson does not affect the outcome in this case.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED