*279 OPINION AND ORDER
This appeal presents the question of whether evidence obtained by police during a drug sweep of a school should have been suppressed or excluded for lack of a search warrant.

FACTUAL AND PROCEDURAL BACKGROUND 
[1]

On April 19, 1995, Ron Gates, a deputy sheriff employed by the Navajo County Sheriffs Office, arrived at the Hopi High School with his dog trained in narcotics detection. The school-wide search for nar-cotíes, which was conducted without a search warrant, involved three teams of officers and detection dogs. Students exited their classrooms prior to the search and left behind any articles not on their person.
The dog, Boyco, was brought into a classroom and soon “alerted” on Mr. Maho’s backpack. Officer Sakiestewa of the Hopi Police Department opened the backpack, searched the bag, and discovered a small plastic bag containing marijuana. Mr. Maho was subsequently arrested and charged with the offense of possession of marijuana; Hopi Tribal Ordinance 21 § 3.3.55.
A criminal complaint against Mr. Maho was filed on April 20, 1995. A Joint Motion for a Suppression Hearing was filed on June 13, 1995. On-February 14, 1996, after a Suppression Hearing on August 16.1995, the trial court issued a decision denying the Motion to Suppress the evidence seized. The court found that the police had reasonable/probable cause to search Mr. Maho’s backpack. Subsequently, on April 25, 1996. Mr. Maho signed a conditional guilty plea with the consent of the prosecutor and the trial court. Mr. Maho’s conditional’ plea explicitly reserved the right to appeal the trial court’s decision denying the Motion to Suppress. Mr. Maho was then sentenced to pay court costs of $25.00 and serve ninety (90) days in the Hopi Tribal Jail with the special condition that he would serve only eleven days in jail (he had already spent one day in jail) and the remaining 79 days would be suspended in lieu of 180 days supervised probation. Mr. Maho filed a Notice of Appeal on May 9, 1996.

ISSUES PRESENTED ON APPEAL

1. Does the Hopi Appellate Court have jurisdiction under Hopi Tribal Ordinance 21 § 1.2.5?
2. Did the police officers conduct an illegal search of the defendant’s backpack by not obtaining a valid warrant before conducting a drug sweep of Hopi High School?

STANDARD OF REVIEW

Trial Court errors in the application of law during a Suppression Hearing are reviewed de novo.

DISCUSSION

I. THE HOPI APPELLATE COURT HAS JURISDICTION TO HEAR THIS APPEAL
The Hopi Appellate Court has jurisdiction to hear this appeal. Here, the trial court sentenced the criminal defendant to ninety days in jail in the Judgment *280 Order dated April 29.1996. This sentence meets the requirements establishing Appellate Court jurisdiction under Hopi Tribal Ordinance 21 § 1.2.5.[2]
II. THE TRIAL COURT ERRED IN FINDING THAT THE EXISTENCE OF REASONABLE/PROBABLE CAUSE WAS SUFFICIENT TO SUPPORT THE SEARCH IN QUESTION
A. Drug sweeps of schools using police officers and police techniques are considered police actions.
Under an administrative search standard, public school officials do not need a warrant or probable cause before conducting a search at school. They only need reasonable suspicion for the search. The exception is justified by the “special needs” encountered in maintaining order and a safe school environment. New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). The police, on the other hand, must have probable cause and a search warrant.[3] otherwise the search is illegal and the evidence gathered from it is inadmissible under Hopi Tribal Ordinance 21 § 2.4.8.
The Respondent argues that the administrative search standard applies in this case because the law enforcement officials were acting under the cloak of school officials (since they were allegedly conducting the search at the principal’s request), thereby mitigating against the need for probable cause for search and seizure. Thus, the Respondent believes that the lower standard of reasonable suspicion would be applicable and sufficiently met by the principal’s alleged belief of wide spread drag use. In this case, the school officials allegedly requested the search, hut law enforcement implemented the search and the evidence was admitted against the defendant in a criminal proceeding. At least one state has held that a member of the school board’s drug detection team, who was also a deputy with the sheriffs office, was acting in her capacity as a law enforcement officer when she conducted the search and not as a school security guard. State v. Barrett, 683 So.2d 331, 336, (La. App. 1 Cir.1996). The case before this court similarly involves a sheriffs deputy conducting the search. Considering these factors, and others such as the use of a police drug sniffing dog, this search shall be considered a police action.
*281 B. The prosecutor has the burden of proving that the police had performed a reasonable search.
Since the police did not obtain a warrant the prosecutor must show that the search conducted by the police was a legal exception to the warrant requirement.[4] This must he done by showing that there is a preponderance of evidence supporting the applicability of the exception. 79 C.J.S. Searches & Seizures §§ 240, 241, 245 (1995).
During the Suppression Hearing, the prosecutor failed to show that the search conducted by the police fell within the warrantless search exceptions. Instead, the prosecutor argued that this was an administrative search and that the law of administrative searches should apply. He argued that the standard to he applied here in determining the validity of the search was one of reasonable suspicion, not probable cause.
The trial court correctly dismissed this argument and instead applied the police standard. The trial court error occurred when it found that probable cause was sufficient in itself to make the search legal. The trial court failed to acknowledge that a warrant was also needed since this search did not comport with any of the warantless search exceptions.

ORDER OF THE COURT

The error of law by the trial court requires reversal. It is therefore ORDERED that the judgment of the trial court is REVERSED.

. The facts stated in this section reflect testimony taken from Officer Ron Gates during a Suppression Hearing on August 16, 1995.

. Hopi Tribal Ordinance 21 § 1.2.5 states that the Hopi Appellate Court does not have jurisdiction in "criminal cases where the defendant is sentenced to less than thirty days imprisonment or labor and?or to pay a fine of less than $50.00". The Appellant was ordered to pay $25.00 court costs and serve ninety days in jail with a special condition that he would only serve a total of eleven days in jail and the remaining 79 days would be suspended in lieu of 180 days supervised probation. Since the Appellant is only being imprisoned for 11 days, there is a question as to whether the Appellant is barred from appealing.
However, Ordinance 21 § 1.2.5 is interpreted to apply to base penalties. The 90 days imprisonment is a base penalty which would become applicable given a probation violation. Therefore, there is a possibility that the full sentence could actually he applied, consequently the Hopi Appellate Court would have jurisdiction.
In addition, the plea agreement entered into by the Appellant explicitly reserves the right to appeal. However, the Appellant, prosecutor, and trial court judge do not have the power to confer jurisdiction to the Hopi Appellate Court.

. The Indian Civil Rights Act protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, ...” Reasonableness here usually requires that a warrant he obtained prior to a search with some exceptions.

. The circumstances where a warrant is not required include (1) where the police conduct a warrantless search incident to a lawful arrest; (2) under the automobile exception, under the plain view doctrine: (3) voluntary and intelligent consent of the person: (4) in a stop and frisk situation; (5) when in hot pursuit, or where there is evanescent evidence, or other emergency.
Other than these exceptions, the seizure of property by police is per se unreasonable unless it is achieved through a judicial warrant issued on probable cause. Marrón v. United States, 275 U.S. 192, 196, 48 S.Ct. 74, 72 L. Ed. 231 (1927).