BENTON, J.,
concurring.
I disagree with the majority opinion’s conclusion that the evidence in this case satisfied the “forthwith” requirement of Code § 19.2-56.
Code § 19.2-56 contains two time limitations for search warrants: “that the place be forthwith searched” and that the warrant shall be voided if “not executed within fifteen days after insurance.” As we held in Turner v. Commonwealth, 14 Va.App. 737, 420 S.E.2d 235 (1992), the statutory requirement of “ ‘forthwith’ ... has an independent substantive meaning” and “defines the policy of the state that search warrants, which are the foremost safeguard to protect against unreasonable searches proscribed by the Fourth Amendment, are to be executed with reasonable dispatch.” Id. at 742, 420 S.E.2d at 238. Thus, the statute’s use of the word “forthwith” obviously requires “a reasonable promptness, diligence or dispatch in executing a warrant, considering the difficulties actually encountered in attempting to perform the task.” United States v. Bradley, 428 F.2d 1013, 1016 (5th Cir.1970). It does not countenance the execution of the warrant at the leisure of the police or when deliberately delayed by the police for their own purposes. Id. By construing the statute to require the warrant’s execution with “reasonable dispatch and without undue delay,” we have held that “Code § 19.2-56 accords police officers a limited amount of flexibility in deciding when to *486 execute search warrants.” Turner, 14 Va.App. at 743, 420 S.E.2d at 239.
The evidence in the record does not suggest that the delay-in this case was “unavoidable, necessary, or even desirable.” Id. The warrant was issued on May 14, 2001 and not executed until eleven days later, on May 25, 2001. The execution of the warrant was delayed merely because the officer who obtained the warrant was engaged in other tasks. The police department had no policy, written or otherwise, that required the warrant to be executed by the officer who obtained the warrant from the magistrate. The officer who obtained the warrant testified “that is basically the practice [he] found [when he was assigned to] Vice-Narcotics.” He also testified that this procedure “typically” allows the officer who obtained the search warrant to be the one who “completes the briefing and executes the search warrant.”
This informal practice of the vice-narcotics officers is nothing more than a convenience to the officers. Indeed, the officer testified that he left “the search warrant on [his] desk” for four days to be executed by other officers “if work needed to be done or if [the other officers] needed something to do.” He also testified that on the night he went to execute the warrant neither he nor any other officer “briefied] the problem out beforehand in its actual formal proceeding in preparation of executing the search warrant.” The record further establishes that another officer, who did not obtain the warrant from the magistrate, signed the warrant as the “executing officer.” In other words, the record discloses that the convenience of the officers was in actuality the principle that governed executing the warrant. Furthermore, nothing in this record establishes that this informal practice has any rational relationship to the search or to good police practice or that this informal practice “makes sense” for any law enforcement objective. Indeed, as this record establishes, the convenience of this informal practice was subject, in fact, to being disregarded if the other officers needed “something to do.” For these reasons, I would hold that the evidence in this record failed to establish that the search warrants were *487 “executed with reasonable dispatch.” Turner, 14 Va.App. at 742, 420 S.E.2d at 238.
Oddly, we observed in Turner that the “forthwith” language in Code § 19.2-56 is merely “directory.” 14 Va.App. at 740, 747, 748 n. 3, 420 S.E.2d at 237, 241, 242 n. 3. It bears noting, however, that despite Turner’s use of the words “directory” and “directive” in describing the forthwith requirement, Turner’s analysis leaves no doubt that the term “forthwith” is a mandatory, not directory requirement. Id. at 740, 741, 747, 420 S.E.2d at 237, 238, 241. As Turner holds, Code § 19.2-56 reveals the legislature intended “forthwith” to have a meaning independent of the fifteen-day period. Id. at 742, 420 S.E.2d at 238. The opinion also holds that the meaning of forthwith is not only “independent,” but “substantive” as well. Id. Moreover, compliance in executing the warrant within the fifteen-day period is mandatory, and a failure to comply results in an invalid warrant. Id. If we were to read Turner as deeming “forthwith” to be directory, its holding would be incongruous because in one place it would mean one statutory requirement confers substantive rights, and the other not. Turner expressly holds that “[t]he ‘forthwith’ requirement has an independent substantive meaning.” Id.
In addition, the opinions from each jurisdiction that we found persuasive in Turner interpreted “forthwith” in favor of it conferring substantive rights when the procedure was not followed. Thus, we adopted the interpretation in which any delay in executing the warrant required the government to prove that the delay was “reasonable.” Id. at 742-43, 420 S.E.2d at 238-39. We held that a reviewing court must then examine justification for and length of the delay to decide the issue of reasonableness.
Suppression seems clearly to be the remedy when the delay is unreasonable because Code § 19.2-56’s forthwith requirement goes to the essence of the statute — it involves the public’s right to be free from unreasonable searches and seizures. We have noted, however, that “our Supreme Court has steadfastly refused to extend that rule to encompass *488 evidence seized pursuant to statutory violations, absent an express statutory provision for suppression.” Troncoso v. Commonwealth, 12 Va.App. 942, 944, 407 S.E.2d 349, 350 (1991); see also Horne v. Commonwealth, 230 Va. 512, 518-19, 339 S.E.2d 186, 191 (1986) (holding that “failure to bring the accused forthwith before a judicial officer” did not require suppression).
For these reasons, I concur in the judgment.